Marble Hill v. Caldwell.

## VILLAGE OF MARBLE HILL, Respondent, v. JOSEPH W. CALDWELL, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. **ORDINANCES: Violation of: Civil Procedure: Except When.** Prosecutions for violations of city ordinances are civil cases, governed by the procedure applicable thereto, except in such cases were regard for personal liberty demands the application of the strict rules adhered to in trials of criminal cases.

2. **APPEAL AND ERROR: Court Rules: Filing Abstracts: Serving Briefs: Violation of Ordinance: Civil Procedure.** Defendant was prosecuted under a city ordinance against permitting stock to run at large. The action was civil and the failure of defendant to comply with the court rules 14 and 15, regulating the time of filing and serving abstracts, contents of same and time of serving briefs, resulted in the dismissal of his appeal.

Appeal from Bollinger County Circuit Court.—*Hon. Peter H. Huck*, Judge.

APPEAL DISMISSED.

*Joseph W. Caldwell* for himself, appellant.

*Anthony & Davis* for respondent.

ROBERTSON, P. J.—Defendant was convicted of violating an ordinance regulating and restraining the running at large of stock within the corporate limits of the plaintiff municipality, a village organized under article 6 of chapter 84, Revised Statutes 1909. He appealed, under section 9461, Revised Statutes 1909, to the circuit court where, upon a trial anew, he was again convicted and has again appealed, filing here a full transcript of the record. He has not complied with our rules 14, 15 and 18, and in the face of respondent's motion to dismiss his appeal for this reason he contends

that these rules have no application, because, it is said, this is a criminal case, citing King City v. Duncan, 238 Mo. 513, 142 S. W. 246, and insisting that we must under section 5312, Revised Statutes 1909, proceed to examine the transcript and render judgment thereon.

The St. Louis Court of Appeals, in the case of Caruthersville v. Palsgrove, 155 Mo. App. 564, 134 S. W. 1032, construing section 9343, held that these prosecutions are not to be classed as criminal cases so far as appellate procedure is concerned. That opinion is cited, with approval by the same court in City of Hannibal v. Dudley, 158 Mo. App. 261, 138 S. W. 522. We held in Meredith v. Whillock, 173 Mo. App. 542, 158 S. W. 1061, that they are not criminal cases within the meaning of section 6383 allowing proof of a conviction of a criminal offense to affect the credibility of a witness. The Duncan case, supra, is there discussed. In City of Columbia v. Samuels, 164 Mo. App. 92, 147 S. W. 1132, the Kansas City Court of Appeals held that as to arraignment of and plea by a defendant in prosecutions for the violation of an ordinance the procedure in civil cases applied. The same court, in Stanberry v. O'Neal, 166 Mo. App. 709, 150 S. W. 1104, held that in the prosecution of violations of city ordinances involving evil intent an instruction on reasonable doubt, as in criminal cases, is proper. That case is cited with approval by the same court in the case of City of Grant City v. Simmons, 167 Mo. App. 183, 151 S. W. 187, where at page 190, the Duncan case, supra, is commented upon and a distinction is observed which it is said determines the criminal feature of such cases so far as trial procedure is concerned.

We think it may be fairly deducible from all of the authorities that prosecutions for violations of municipal ordinances are civil cases, governed by the procedure applicable thereto, except in such cases as that the jealous regard of personal liberty demands the application of the strict rules adhered to in trials in

criminal cases.  We perceive of no reason for applying any of the rules of criminal procedure in case of an appeal here and hold that the appeal to this court in a case of this kind the appellant must comply with our rules, enacted in virtue of section 2048, Revised Statutes 1909, and for his failure to so serve and file his abstract and brief his appeal should be dismissed. It is so ordered.

*Farrington* and *Sturgis, JJ.,* concur.