SCHAUER, J.
 

 Defendant appeals from a judgment of conviction in an automobile parking case wherein the
 
 corpus
 
 delicti—the illegal parking of the automobile—was established by stipulation but in which there was no direct proof of the identity of the operator of the automobile. The sufficiency of the evidence to sustain the essential implied finding that defendant was the person who parked the vehicle (or directed its parking) depends on the validity of the presumption declared by section 591 of the Vehicle Code (added by Stats. 1939, chap. 231 (p. 1489), hereinafter quoted). That section provides that upon proof of certain facts and under the circumstances therein enumerated an evidentiary
 
 prima facie
 
 presumption shall arise that
 
 the registered owner of a motor vehicle was the person who parked it.
 
 Defendant challenges this presumption as being irrational, unconstitutional and void. We find it valid.
 

 Specifically defendant stands convicted of violating section 586 (e) of the Vehicle Code which provides in material part that “No person shall . . . park . . . any vehicle . . . (e) In front of a . . . private driveway.” At the trial it was stipulated that, in violation of the above-quoted section, on January 16, 1940, a certain automobile, bearing 1939 California state license number 4R-94-12, was stopped and parked on a public street in the city of Los Angeles in front of, and so that it obstructed the use of, a private driveway. It was further stipulated that defendant, at all times concerned, was the registered owner of the offending automobile. There was no evidence tending to prove the identity of the defendant, or any other person, as the guilty party, other than such stipulated facts, the inferences which may be drawn therefrom and the presumption hereinabove mentioned.
 

 That presumption, with its conditions, is set forth in section 591 of the Vehicle Code, which reads as follows: “Illegal Parking, (a) In any prosecution charging a violation of any regulation governing the standing or parking of a motor vehicle under this code or any ordinance enacted by local authorities, proof by the people of the State of California that the particular vehicle described in the complaint was parked in
 
 *Supp. 775
 
 violation of any provision of this code or such ordinance, together with proof that the defendant named in the complaint was at the time of such parking the registered owner of such vehicle, shall constitute in evidence a
 
 prima facie
 
 presumption that the registered owner of such motor vehicle was the person who parked or placed such motor vehicle at the point where, and for the time during which, such violation occurred. The above provisions shall apply only when the following conditions are complied with:
 

 “(1) During the time of such illegal parking a notice thereof shall be securely attached to said vehicle setting forth the fact of such illegal parking including reference to the section of this code or of such ordinance so violated, the approximate time thereof and the location where such violation occurred and fixing a time and place for appearance by the registered owner in answer to said notice.
 

 “Such notice shall be attached to said vehicle either on the steering post or front door handle thereof or in such other conspicuous place upon the vehicle as to be easily observed by the person in charge of such vehicle upon his return thereto.
 

 “ (2) Before any warrant of arrest shall issue following the filing of a complaint charging the offense of illegal parking, a notice of such illegal parking must be given to the person so charged. Such notice shall contain the information required in paragraph (1) above and shall also inform such registered owner that unless he appears in the court to be designated in said notice within five days after service of such notice and answers said charge, a warrant or citation to appear will be issued against him.
 

 “Such notice shall be given, either by personal delivery thereof to such owner or by deposit in the United States mail of an envelope with postage prepaid which said envelope shall contain such notice and shall be addressed to such owner at his address as shown by the records of the department. The giving of notice by personal delivery is complete upon delivery of a copy of said notice to said person. The giving of notice by mail is complete upon the expiration of ten days after said deposit of such notice.
 

 “Proof of giving such notice may be made by the certificate of any traffic or police officer or affidavit of any person over eighteen years of age naming the person to whom such
 
 *Supp. 776
 
 notice was given and specifying the time, place and manner of the giving thereof. ’ ’
 

 It was also stipulated that the notices required by the above-quoted subsections (1) and (2) were respectively securely attached to the steering post of the automobile and given to the defendant personally.
 
 The sole question presented for our determination is the validity of the declared prima facie presumption that defendant was the person who unlawfully parked the vehicle.
 

 Throughout this state and the United States it is a generally accepted rule that the legislative body of a state may provide by statute that proof of certain facts shall constitute
 
 prima facie
 
 or presumptive evidence of other facts, if there is a natural and rational evidentiary relation between the facts proved and those presumed therefrom.
 
 (People
 
 v.
 
 Fitzgerald,
 
 (1936) 14 Cal. App. (2d) 180, 191 [58 Pac. (2d) 718].) As articulated by Mr. Justice Cardozo, speaking for the Supreme Court in
 
 Morrison
 
 v.
 
 California,
 
 (1933) 291 U. S. 82, 88, 89 [54 Sup. Ct. 281, 78 L. Ed. 664, 669], “The decisions are manifold that within limits of reason and fairness the burden of proof may be. lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression.” Mr. Justice Burton, in
 
 Mobile Jackson & Kansas City R. Co.
 
 v.
 
 Turnipseed,
 
 (1910) 219 U. S. 35, 42, 43 [31 Sup. Ct. 136, 55 L. Ed. 78, Ann. Cas. 1912Á, 463, 32 L. R. A. (N. S.) 226], expressed the rule as follows: “Legislation providing that proof of one fact shall constitute
 
 prima fade
 
 evidence of the main fact in issue is but to enact a rule of evidence, and quite within the general powers of government. . . . That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law, it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.
 
 *Supp. 777
 
 So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.”
 

 In respect to the effect of the legislative presumption and the operation of the presumption of innocence, Mr. Justice Sutherland in
 
 Yee Hem
 
 v.
 
 United States,
 
 (1924) 268 U. S. 178, 184, 185 [45 Sup. Ct. 470, 69 L. Ed. 904, 906], for the Supreme Court, says, “Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. . . . The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article [in that case, opium]
 
 prima facie
 
 evidence of guilt. It leaves the accused entirely free to testify or not, as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create, but which is inherent in the case. The same situation might present itself if there were no statutory presumption, and a
 
 prima facie
 
 case of concealment with knowl-. edge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that ease as in this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances, and not from any form of compulsion forbidden by the Constitution. ’ ’
 

 We are satisfied that the presumption declared by the statute which we are considering cannot be held invalid as tested by the standards which are noted in the eases from which we have quoted or in any other cases cited to us which are authoritative in this jurisdiction. Relationship between the registered owner of an automobile and its operation is natural; if he is not the operator on any occasion that fact
 
 *Supp. 778
 
 is directly within his knowledge and in the ordinary course of events can easily be proved with such certainty as almost entirely to exclude the possibility of a false conviction. The presumption we are dealing with is not a presumption which either creates a crime or establishes the fact that a crime has been committed. On the contrary it arises only after proof by competent evidence that an offense, including all essential elements thereof, has been committed by some person and that such offense has been committed by and through the use of an instrumentality which defendant has caused to be registered in the public records of the state in his name and which by virtue of such registration he is primarily, of all persons in the state, entitled to use. The inference that a parked automobile was parked by its registered owner is not an unreasonable or unnatural one; without other evidence tending with some certainty to exclude the possibility that it was parked by another, that inference would not within the rules of circumstantial evidence support a finding of guilt against the presumption of the owner’s innocence; but this is exactly such a situation as manifestly justifies the legislature in artificially adding to that proof by means of the declared presumption, for reasons of convenience, and purely as a tentative basis for further proceedings, the equivalent of
 
 prima facie
 
 evidence that others did not, and hence that defendant did, park the vehicle at the time involved (proof of its illegal parking by someone being an essential part of the conditions precedent to the arising of the presumption).
 

 Obviously this is such a case as comes well within the limits fixed by Mr. Justice Cardozo when in
 
 Morrison
 
 v.
 
 California,
 
 (1933)
 
 supra,
 
 291 U. S. 82, 88, 89 [54 Sup. Ct. 281, 78 L. Ed. 664, 669], he said that “the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunity for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression”. The great convenience to the state through operation of this presumption in the proof of identity of operators in cases of illegal parking on the thousands of miles of highways in the state or to the officers of a municipality in enforcing the laws within the more limited but still relatively extensive public streets therein, is readily appar
 
 *Supp. 779
 
 ent. It is a matter of common knowledge, of which we may take notice, that it would be, and has in fact been, impractical for a city the size of that wherein this prosecution arose (Los Angeles; and we do not doubt that the same is relatively true in municipalities throughout the state) to maintain a police force large enough to personally detect any substantial portion of vehicular parking law violators by observing them in the act of illegal parking or by discovering the illegally parked vehicles and awaiting the return of the absent operators. The extent of the convenience to the state, it seems apparent to us, will far outweigh such inconvenience as may be occasioned to some registered owners whose automobiles when used by others may be illegally parked and result in the owners having to appear and answer the charges. In such instances, however, except in the comparatively rare cases of stolen or unlawfully moved cars, the owners can protect themselves by permitting their automobiles to be used only by persons who will be responsible to them for any unlawful parking of the vehicles. In any event, the inconvenience is basically caused not by the operation of the presumption of identity of the operator but rather by the violation by the actual operator of the substantive law involved. In no way whatsoever does the operation of the presumption preclude the owner from his right to challenge the fact as to who did operate the vehicle.
 

 Appellant urges that this court in the case of
 
 People
 
 v.
 
 Forbath,
 
 (1935) 5 Cal. App. (2d) (Supp.) 767 [42 Pac. (2d) 108], declared a rule to. which the presumption here involved is obnoxious. We intended and find no such implication in that case, nor is there any legal similarity therein to the ease now before us. The city ordinance on which that prosecution was based ordained that “it shall be unlawful for any person ... to allow, permit or suffer any vehicle registered in his . . . name as registered owner thereof, to stop, stand or park . . . upon . . . any street ... in violation of any provision of this ordinance” and on that enactment it was sought to hold the registered owner of an automobile criminally liable for its illegal parking regardless of the fact as to who parked it and regardless of whether the registered owner had either knowledge of, or control over, the illegally parked car or its operator. Such ordinance did not attempt to declare an evidentiary rule of procedure; it purported,
 
 *Supp. 780
 
 if interpreted as the state then urged, to impose a substantive law fixing guilt. It did not establish a
 
 prima facie
 
 presumption or shift the burden of procedure; instead, if the conviction therein was to be upheld, it conclusively established guilt of one who might be innocent and did not permit him to challenge the truth of the presumed fact if the legally conclusive but factually inconclusive premise of registered ownership was admitted. We held that the terms “allow,” “permit” and “suffer,” as used in that ordinance, all implied “knowledge of, coupled with a duty and power to prevent, the particular act or omission, the allowance, permittance or sufferance of which, constitutes the offense, ’ ’ and on that basis found the evidence insufficient to support the conviction. Such holding has no significance in the present case.
 

 We are of the opinion that the presumption which has been discussed herein is rational to its fa.etual premise, that it materially aids the state to
 
 prima facie
 
 proof of a matter peculiarly within the knowledge of the defendant and, without the presumption, difficult for the state to establish by reason of the mechanics incident to the gathering of evidence, that its operation is reasonable, imposes no hardship on the defendant, and deprives him of no constitutional right. We therefore hold section 591 of the Vehicle Code to be valid. The judgment is affirmed.
 

 Shaw, P. J., and Bishop, J., concurred.