THE CITY OF ST. LOUIS, a Municipal Corporation, Respondent, v. FERNAND J. COOK, Appellant, No. 41077—221 S. W. (2d) 468.

Division One, June 13, 1949.

*Fernand J. Cook* and *Vincent J. Correnti* for appellant.

272

*James E. Crowe,* City Counselor, *John P. McCammon* and *Frank A. Neun,* Assistant City Counselors, for respondent.

VAN OSDOL, C.—This case involves questions of the constitutionality of Ordinance No. 41240 of the City of St. Louis, which ordinance provides, "The presence of any vehicle in or upon any public street . . . in violation of any ordinance regulating the parking of such vehicle . . . shall be *prima facie* evidence that the person . . . in whose name such vehicle is registered on either the records of the City License Collector or the records of the Secretary of State of the State of Missouri, committed or authorized such violation." Section 3568 of the Revised Code of St. Louis, 1936, provides, "It shall be unlawful for the operator of a vehicle to stop, stand or park such vehicle in any of the following places . . . (c) between a safety zone and the adjacent curb . . . ." Defendant-appellant was charged and convicted in the City Court for the violation of Section 3568, supra, and upon appeal was tried in the Court of Criminal Correction, found guilty, and fined five dollars and costs.

Upon trial in the Court of Criminal Correction, plaintiff-respondent introduced evidence tending to establish a Ford Tudor sedan had been parked between a safety zone and the adjacent curb at 101 North Fourth Street in St. Louis, in violation of the Section 3568, supra. City police officers and traffic officials testified the vehicle had been "tagged" with an "arrest notice" to the registered owner to appear at the Traffic Violation Bureau and pay a nominal fine; otherwise, an arrest would be ordered or a summons served by due process of law. In default of his appearance, within the stated time, defendant was served with summons to appear in the City Court and answer the stated charge. The evidence showed the vehicle so parked and "tagged" was registered on the records of the Secretary of State in defendant's name, and likewise on the records of the City License Collector of St. Louis. No other or direct evidence was introduced tending to identify the person who had actually parked the vehicle. And defendant did not introduce any evidence.

It is contended by defendant-appellant the Ordinance No. 41240 is unconstitutional and void in that it deprives a defendant "of life, liberty or property without due process of law" (Section 10, Article I, Constitution of Missouri, 1945; Section 1, Amendment 14, Constitution of the United States); and in that it compels a person "to testify against himself in a criminal cause" (Section 19, Article I, Constitution of Missouri, 1945). It is asserted the ordinance violates the fundamental rules that a defendant is presumed to be innocent; that the State must prove him guilty beyond a reasonable doubt; and that he cannot be prejudiced by his failure to testify. Defendant also

cites Sections 15 and 18 (a), Article I, Constitution of Missouri, 1945; and Section 4082 R. S. 1939, Mo. R. S. A. § 4082, as intended to prevent the ''intrusion upon. a man's privacy and liberty without any legal warrant,'' and as intended ''as a restriction on the powers of government.''

■ Appellant urges the City was required to prove him guilty beyond a reasonable doubt, and cites the cases of City of Stanberry v. O'Neal, 166 Mo. App. 709, 150 S. W. 1104; and City of Grant City v. Simmons, 167 Mo. App. 183, 151 S. W. 187, in which cases the Kansas City Court of Appeals discussed the difference between the violations of city ordinances penalizing acts *malum in se* and *malum prohibitum* as reflecting on the question whether a defendant in an action to enforce the penalty of a municipal ordinance must be given the benefit of a reasonable doubt. See also Village of Marble Hill v. Caldwell, 189 Mo. App. 286, 176 S. W. 294. But it is obvious we are not here treating with the question of the *quantum* of proof essential to subject a defendant to a penalty for violating an ordinance. We are treating with the question of the legislative power of the City to enact an ordinance providing a rule of evidence. The Ordinance No. 41240 does not in any way change the *burden of proof* the City must carry in making out a case, although the ordinance does affect the *burden of evidence*. See the exposition of the difference between the *burden of proof* which does not shift and the *burden of evidence* which may shift to a defendant to produce, if he desires, evidence which, if believed, will meet a plaintiff's prima facie case—McCloskey v. Koplar, 329 Mo. 527 at page 541, 46 S. W. 2d 557 at page 563; Vol. IX, Wigmore on Evidence, 3d Ed., § 2485, pp. 270-274 and § 2487, pp. 278-284.

■ Municipalities have been expressly given the power to make rules of the road or traffic regulations to meet their needs. See Section 8395 R. S. 1939, as amended Laws of Missouri 1943, pp. 659-661, Mo. R. S. A. § 8395. Public safety is involved. It is established that City's reasonable regulation of traffic, including the regulation of the parking of vehicles upon roads used for public travel, is a valid exercise of the police power. Ex parte Cavanaugh, 313 Mo. 375, 280 S. W. 51; City of Clayton v. Nemours, 353 Mo. 61, 182 S. W. 2d 57.

■ Statutes or ordinances providing a rule of evidence, in effect, that a shown fact may support an inference of the ultimate or main fact to be proved are well within the settled power of the legislative body; and such legislative provisions do not violate provisions of the federal or state constitutions. State v. Shelby, 333 ■ Mo. 1036, 64 S. W. 2d 269; Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470; People v. Kayne, 286 Mich. 571, 282 N. W. 248; Commonwealth v. Kroger, 276 Ky. 20, 122 S. W. 2d 1006; People v. Bigman, 38 C. A. 2d (Supp.) 773, 100 Pac. 2d 370. ''Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in

issue is but to enact a rule of evidence, and quite within the general power of government. Statutes, National and state, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous.'' Mobile, J. & K.C. R.R. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136. Giving a regard to due process, the power to provide such an evidentiary rule is qualified in that the fact upon which the presumption or inference is to rest must have some relation to or natural connection with the fact to be inferred, and that the inference of the existence of the fact to be inferred from the existence of the fact proved must not be purely arbitrary or wholly unreasonable, unnatural, or extraordinary. State v. Shelby, supra; Yee Hem v. United States, supra; People v. Kayne, supra. And it is clearly beyond the legislative power to prescribe what shall be conclusive evidence of any fact. O'Donnell v. Wells, 323 Mo. 1170, 21 S. W. 2d 762; State v. Shelby, supra. It is ''only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed (or inferred), and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.'' Mobile, J. & K. C. R. R. v. Turnipseed, supra; Commonwealth v. Kroger, supra; People v. Bigman, supra; People v. Kayne, supra.

Even where there had been no legislative action enacting such a rule of evidence the inference that the owner parked or was responsible for the parking of a vehicle has been held to be reasonable and sufficient (City of Chicago v. Crane, 319 Ill. App. 623, 49 N. E. 2d 802; People v. Rubin, 284 N. Y. 392, 31 N. E. 2d 501), although the Supreme Court of the State of Rhode Island was evenly divided on the question (State v. Morgan, 72 R. I. 101, 48 Atl. 2d 248).

In the case of Yee Hem v. United States, supra, the Supreme Court of the United States was examining a statute providing possession of opium should be deemed sufficient evidence to authorize conviction of the offense of concealing opium after importation, knowing the same to have been unlawfully imported. The Court put aside with slight discussion the point made by defendant (that the practical effect of the statute was to compel the accused person to be a witness against himself). Said the Court, ''The statute compels nothing. It does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a *prima facie* case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as in this; but the

constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution.''

From a practical standpoint it would be impossible for the police department of the City of St. Louis to keep a watch over all parked vehicles to ascertain who in fact operates them. In such a situation and in view of the purpose of City's traffic regulations, the City having shown the vehicle to have been parked in violation of the regulatory ordinance and having shown a defendant to be the person in whose name the vehicle is registered, it would seem an owner-registrant, a defendant, could not be said to be put to too great an inconvenience or to an unreasonable hardship in making an explanation if he desires. The connection between the registered owner of an automobile and its ▮ operation is a natural one. While there are no doubt instances where an owner's automobile is used without his authorization, yet it is not generally so. If, in fact, defendant's vehicle was parked at the time without any authorization from defendant, such fact was peculiarly within defendant's knowledge and, if defendant had desired, the fact could have been easily proved with such certainty as to almost entirely preclude a false conviction. In our opinion the inference authorized by the Ordinance No. 41240 is a reasonable one. The ordinance does not make any inferred fact conclusive. And the ordinance does not require that a defendant testify; nor does it deny him his right to make out his defense, or to testify.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.