Red Top Driv-Ur-Self *v.* Potts.

5-1225                                    300 S. W. 2d 261

Opinion delivered April 1, 1957.

*Wood & Smith,* for appellant.

*Longstreth, Kemp & Brooks,* for appellee.

Ed. F. McFaddin, Associate Justice.   This appeal involves the liability of the registered owner of a vehicle for the traffic violation committed by one to whom the car had been rented.   Appellant filed suit for a declaratory judgment.   The complaint alleged, and the evidence established, these facts:

(1)   Appellant owns automobiles which it rents (or leases) to persons who have acceptable credit rating. The lessee has full and complete control of the vehicle during the time of the lease agreement.   The *bona fides* of the lease by appellant is not questioned by appellee.

(2)   In each of the several instances here involved the lessee parked the car in a metered zone in the City of Little Rock and left the car parked so long that an overtime parking ticket was attached to the car.   The lessee failed to pay the fine for the overtime parking.

(3)   The lessee returned the car to appellant, paid the rental charge, and left the City without ever informing appellant of the overtime parking ticket or without leaving the money to pay for the traffic violation.

(4)   Some time later the City of Little Rock ascertained that the automobile that had been overparked was registered in the name of the appellant.  Thereupon, the City notified appellant of the traffic violation and the amount required to pay for it, which amount had become greater by reason of the failure to make prompt payment.

(5)   The appellant offered to furnish the City the name and address of the persons who had each particular car rented the day of the specific traffic violation, but the City claimed that the appellant was personally liable for the fines for the traffic violations because the City ordinance reads: ''It shall be unlawful and a violation of the provisions of this ordinance for any person to cause, allow, permit, or suffer any vehicle registered in the name of  .  .  .   such person to be parked overtime  .  .  .''   The City claimed that the ordinance made the appellant absolutely liable for the fines and that the City need not pursue the persons who had leased the cars from the appellant, even though appellant offered to give the City the name and address of each such person (most of whom were non-residents).

(6)   When approximately twelve of these cases had accumulated, appellant brought this suit for a declaratory judgment[1] so that appellant and the City might know their respective rights.  The Chancery Court held that the ordinance was valid and that under the stated facts the appellant was personally liable for the fine required to be paid for the traffic violation in each case.

While the question here presented is one of first impression in this Court, we are not without cases from other jurisdictions on whether merely being the registered owner of the vehicle is *conclusive* proof of the traffic violation by such registered owner.  We list some of the cases discovered by our search: *Commonwealth* v. *Ober,* 286 Mass. 25, 189 N. E. 601; *People* v. *Hoogy* (Mich. 1936) 277 Mich. 578, 269 N. W. 605; *Commonwealth* v. *Kroger* (Ky. 1938) 276 Ky. 20, 122 S. W. 2d

---

[1] The appropriateness and timeliness of this declaratory judgment procedure was not made an issue, so we do not raise it.

1006; *People* v. *Bigman,* 37 Cal. App. 2d 708, 100 Pac. 2d 370; *State* v. *Morgan* (R. I. 1946), 72 R. I. 101, 48 A. 2d 248; *City of St. Louis* v. *Cook* (Mo. 1949) 359 Mo. 270, 221 S. W. 2d 468; *State* v. *Scoggin* (N. C. 1952) 236 N. C. 19, 72 S. E. 2d 54; *State* v. *Scoggin* (N. C. 1952) 236 N. C. 1, 72 S. E. 2d 97; and *Masfell* v. *Ogden City* (Utah 1952), 249 Pac. 2d 507. In 49 A. L. R. 2d 456 there is an annotation entitled: ''Inference or presumption that owner of motor vehicle was its driver at time of traffic, driving, or parking offense''; and in the annotation other cases are cited, discussed, and classified.[2]

The Massachusetts case of *Commonwealth* v. *Ober, supra,* holds the registered owner to be conclusively liable for the traffic violation. The North Carolina case of *State* v. *Scoggin, supra,* holds that the registered owner is not liable until the prosecution proves that he was the actual driver of the car at the time. The Michigan case of *People.* v. *Hoogy, supra,* refuses to allow any presumption to arise from the fact that the parked vehicle was registered in the name of the owner. The Missouri case of *City of St. Louis* v. *Cook, supra,* holds that the registered owner is *prima facie* liable for the traffic violation, but that such registered owner may overcome the *prima facie* case by showing that he was not the person who violated the traffic regulation. We think the Missouri rule is the fairest to all concerned and is the one to be applied in this case.

It would unduly prolong this opinion to discuss each of the cases cited. This is a declaratory judgment proceeding, and it is sufficient that we make a declaration extending only to the issues presented by the stated facts. We, therefore, declare:

(1) That to make the registered owner *conclusively* liable for the traffic violation under the ordinance and facts here involved would be to infringe on constitutional rights; and the ordinance should not be so construed as to be unconstitutional[3].

---

[2] In 36 A. L. R. 1153, and in 7 A. L. R. 2d 456, there are annotations not directly in point but still shedding some light on the question here.

[3] On the matter of conclusive presumptions being unconstitutional in certain instances, see annotations in 51 A. L. R. 1149, 86 A. L. R. 182, and 162 A. L. R. 516.

(2) That the ordinance of the City of Little Rock, here involved, is constitutional when it is construed — as we do so construe it — as casting on the registered owner the burden of going forward with the evidence to show that such registered owner was not the person who committed the traffic violation in issue.

Applying the foregoing declarations, it is clear that when the appellant in the case at bar offers to furnish the Traffic Court of Little Rock the name and address of each person who had the car rented at the time of the traffic violation in issue, then the Traffic Court of Little Rock, if it believes the evidence offered by the appellant, should absolve the appellant from any fine for the said traffic violation in issue. In the light of the foregoing, the decree of the Chancery Court is reversed.

MILLWEE, J., concurs.