Fbank S. McCullough, J.
This is an appeal by the appellant from a judgment of conviction for a violation of a local ordinance of the City of White Plains designated as ‘ ‘ Traffic Ordinance of the City of White Plains ”, adopted in 1946, and amended from time to time.
The pertinent provisions of the ordinance in effect at the time of the alleged violation read as follows:
Section 1:
“1. Where signs are erected or curbs or the beds of streets are painted giving notice thereof or parking meters are installed in such parts of said highways, and except in an emergency or in compliance with the direction of a peace officer or traffic control signal or sign, no vehicle shall be parked on any day except Sunday between the hours of nine a. m. and nine p. m. for a continuous period more than one hour or other permitted maximum period, within a parking space alongside of or next to which a parking meter is located.” (Italics mine.)
* *r *
“ 3. When any vehicle shall be parked in any space alongside of or next to where a parking meter is located pursuant to this ordinance, the operator or driver of said vehicle, upon entering the said parking space, shall, as required respectively by the applicable subdivision ten, eleven or eleven-a of this section, immediately deposit five-cent or twenty-five cent coins of the United States, as required, in the parking meter alongside of or next to said parking space and shall operate any handle or other mechanical device necessary to start operation of the said meter; and the said parking space may then be used by such vehicle during the applicable parking limit provided by this or any other ordinance of The City of White Plains for the part of the highway in which said parking-space is located. If any vehicle shall remain parked in any such parking space beyond the parking- limit fixed by this or any other ordinance of The City of White Plains for such parking space such vehicle shall be considered as parked overtime and beyond the time fixed by this or any other ordinance of The City of White Plains, and the parking of a vehicle overtime or beyond the period of time fixed by this or any other ordinance of The City of White Plains in any such part of a highway where any such meter is located shall be deemed a violation of this ordinance and shall be punishable as hereinafter set forth.” (Italics mine.)
Also relevant are subdivisions 4 and 15 of section 201 as they appear in the amendment of the ordinance dated October 1,1956:
“ 4. It shall be unlawful and an offense for any person to permit a vehicle to remain parked in any parking space alongside of or next to which any parking meter is placed while said meter is displaying a signal showing that such vehicle shall have been already parked beyond the applicable period of time *1058 fixed by this or any other ordinance of The City of White Plains for such, parking space.” (Italics mine.)
“15. If any vehicle shall remain or be parked in any such parking areas beyond the parking limits or operating periods fixed by this or any other ordinance of The City of White Plains for such parking areas, such vehicle shall be considered as parked overtime and beyond the time fixed by this or any other ordinance of The City of White Plains and the parking of a vehicle overtime or beyond the period of time fixed by this or any other ordinance of The City of White Plains for any such parking areas shall be deemed a violation of this ordinance and shall be punishable as herein set forth.”
“ § 203. One Hour Parking. Except in an emergency or in compliance with the directions of a peace officer or traffic control signal or sign, no vehicle shall be parked between the hours of 7:30 a. m. and 6:30 p. m. over one hour on the following streets in The City of White Plains: * + * ”.
“ § 601. Penalties. Except as otherwise provided, any person violating any provision of this ordinance may upon conviction be punished for the first offense by a fine not exceeding ten dollars and for the second offense by a fine of not more than twenty-five dollars or by imprisonment for not more than fifteen days. The provisions herein contained with relation to imposition of fines shall be applicable to a firm or corporation which violates any provision of this ordinance.” (Italics mine.)
At the trial, to facilitate the evidence and shorten the trial, defendant-appellant Avis Rent-A-Car conceded that if the police officer were called, he would testify that on December 28,1958, a “ John Doe ” tag summons, number 55159, was attached to a motor vehicle bearing New York State license number 1J8983 for the year 1958 for overtime meter parking in the City of White Plains, and it was further conceded that no one appeared in court on the return date and the fine has not been paid. The court took judicial notice of the applicable ordinance in effect in the City of White Plains regulating meter parking.
Counsel for the defendant Avis then stated on the record that the defendant appeared in this proceeding voluntarily and that it had never been served with, and it had never received, any summons or other process requiring its appearance in court.
The defendant offered testimony by its president, Edward Gr. 0 ’Brien, that it was in the business of leasing automobiles and that it was the registered owner of the motor vehicle in question at the time the alleged violation occurred; that the said motor vehicle was under contract of lease on that particular day to a Joseph L. Douillard, residing at 937 North Broadway, White Plains, New York, who subsequently returned the car without having mentioned having received any summons and without having informed the defendant that he had committed any violation of any kind.
Defendant further established by Mr. O’Brien’s testimony that at no time was this motor vehicle on that day operated by any officer, employee or agent of the defendant.
*1059 Further testimony was offered by the defendant that it had no knowledge of any alleged violation until February, 1960 (about 14 months after the violation was alleged to have occurred), at which time a ‘ ‘ citation ’ ’ was received by it through the mail from the City Court, informing it of this violation which was alleged to have been committed some 14 months before.
Upon receiving this notice, the defendant immediately located the contract of lease for the day in question for this particular motor vehicle, identified the lessee as the said Joseph L. Douillard, and promptly wrote him a letter calling his attention to the fact that the “ John Doe ” summons attached to the car was by reason of his violation of the meter parking ordinance and requesting that he respond to the City Court, City of White Plains; further, defendant wrote to the City Court informing it that it had taken the above action and giving to the court the name of Joseph L. Douillard and his address, 937 North Broadway, White Plains, New York, as being the name and address of the person who had control of the car at the time of the alleged violation.
Mr. 0 ’Brien further testified on behalf of the defendant that in the year 1958 this defendant made approximately 2,000 separate rental contracts and had eventually received notice of only 10 or 15 alleged violations.
The rental agreement between the owner and the lessee provides: “7. Renter expressly agrees to pay lessor on demand: (f) the amount of any fines and court costs for parking, traffic or other legal violations assessed against said vehicle, Renter or lessor during term of this agreement, except where caused through fault of lessor; (g) the amount of any collection costs including attorney’s fees, incurred by lessor in obtaining payment from renter under this agreement; (h) a sum equal to the cost of all damages to said vehicle provided, however, that so long as said vehicle is operated in accordance with all the terms, conditions and covenants of this rental agreement, the renter’s liability to lessor for such damage (1) shall not exceed $100, or (2) shall be waived by lessor if a special rental rate adjustment has been agreed upon herein and evidenced by initials of lessor’s agent in the space provided herein”.
The petition of the prosecution, reduced to essentials, is that regardless of any relationship entered into by the owner of a motor vehicle with an operator, the owner is responsible for a violation of a parking ordinance unless the owner by credible evidence establishes who was responsible for the violation. In support of its position the prosecution relies upon People v. Rubin (284 N. Y. 392) and People v. Hildebrandt (308 N. Y. 397).
*1060 The defendant concedes, in effect, that it is the law of this State that where a motor vehicle is registered in the name of a particular owner, a presumption is created that the owner is the person who violated the parking ordinance and the burden is placed upon the owner to offer proof that he was not in possession or control of the.vehiele.
This, in the opinion of the court, correctly interprets People v. Rubin (supra). It does not change the law as to the presumption of innocence, but merely shifts the burden of going forward from the People to the defendant. The reasoning of the court in People v. Bigman (38 Cal. App. 2d 773) is applicable to the case at bar.
The defendant quite frankly concedes that it would be impracticable for a city of the size of White Plains to maintain a police force large enough to personally detect and personally apprehend every violator of these parking ordinances.
In the opinion of the court the defendant in this case has met the requirement of proof laid down in the Rubin case that while ownership is a sufficient basis for an inference of personal conduct, the defendant can rebut such an inference by proof. There is no refutation by the People that the facts were other than as testified to by the defendant. The defendant by its efforts provided sufficient information to enable the People, prior to the trial, to issue legal process to the lessee for a violation of the ordinance.
Is the ordinance to be interpreted to mean that the owner is liable in any event for the conduct of lessees who violate the terms of a rental agreement requiring compliance with all applicable laws, after the owner has shown that it was not in control of the operation of the vehicle! Is the ordinance to be interpreted that it is incumbent upon the defendant owner to establish its innocence! If such an interpretation is placed on the ordinance, then the language used by the Supreme Court of Arkansas in Red Top Driv-Ur-Self v. Potts (227 Ark. 627) is clearly applicable and the ordinance is unconstitutional. The court stated (p. 629): “That to make the registered owner conclusively liable for the traffic violation under the ordinance and facts here involved would be to infringe on constitutional rights; and the ordinance should not be so construed as to bo unconstitutional ’
The ordinance, in the court’s opinion, is a proper and reasonable exercise of the police power (Cherubino v. Meenan, 253 N. Y. 462), and should not be constructed in such a manner as to render it unconstitutional.
*1061 The contention of the People that the rental agreement creates criminal liability on the part of the lessor requires no extended comment. The claim merely creates a basis for civil recovery of sums advanced when paid by the lessor and does not produce criminal responsibility.
The argument of the People that the relationship of bailorbailee places the bailor in the bailee’s place, with criminal responsibility for the bailee’s act, when the bailor has no control and the bailee violates the terms of the bailment, requires no argument other than to state the proposal, which then falls by its own weight.
The court, therefore, holds that under the ordinance, once ownership is established, a prima facie case is made out by the People and the burden of going forward with proof of no operation or control shifts to the defendant. When this burden is met, the owner is relieved of responsibility for the alleged violation of the ordinance. In the case at bar it is the opinion of the court that the People have failed to show beyond a reasonable doubt that the defendant violated the ordinance.
The judgment of conviction is, therefore, reversed, the information dismissed, and the fine is directed to be remitted.