**Mike CANTRELL, Plaintiff in Error,**

**v.**

**OKLAHOMA CITY, Defendant in Error.**

**No. A–14958.**

Court of Criminal Appeals of Oklahoma.
April 23, 1969.
Rehearing Denied July 15, 1969.

---

Hamilton & Carson, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Giles K. Ratcliffe, Asst. Municipal Counselor, for defendant in error.

BUSSEY, Judge.

Mike Cantrell, hereinafter referred to as defendant, was convicted in the Court of Common Pleas of Oklahoma County of the offense of "Parking Violation—Meter Time Expired," and was sentenced to pay a fine of $5.00, and appeals.

Title 47 O.S. § 15–102, provides in pertinent part:

"(a) The provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

1. Regulating the standing or parking of vehicles; * * *."

Pursuant to the authorization under 47 O.S. § 15–102, supra, the City Council of Oklahoma City duly enacted Title 21, Chapter 8, Section 63, the same providing:

"Deposit of Coins and Time Limits. No person shall park a vehicle in any parking space upon a street alongside of and next to which a parking meter has been installed during the restricted and regulated time applicable to the parking meter zone in which such meter is located unless a coin or coins of United States currency of the appropriate denomination as provided in this ordinance shall have been deposited therein, or shall have been previously deposited therein for an unexpired interval of time, and said meter has been placed in operation. No person shall permit a vehicle within his control to be parked in any such

parking meter space during the restricted and regulated time applicable to the parking meter zone in which said meter is located while the parking meter for such space indicates by signal that the lawful parking time in such space has expired. This provision shall not apply to the act of parking or the necessary time which is required to deposit immediately thereafter a coin or coins in such meter.

No person shall park a vehicle in any such parking meter space for a consecutive period of time longer than that limited period of time for which parking is lawfully permitted in the parking meter zone in which such meter is located, irrespective of the number of amounts of the coins deposited in such meter.

The provisions of this section shall not relieve any person from the duty to observe other and more restrictive provisions of this ordinance and the State vehicle code prohibiting or limiting the stopping, standing, or parking of vehicles in specified places or at specified times."

Thereafter, to implement and enforce Title 21, Chapter 8, Section 63 [City Ordinances of Oklahoma City], supra, Title 21, Chapter 16, Section 10 [City Ordinances of Oklahoma City], was enacted, the same providing:

"Presumption In Reference to Illegal Parking.

(a) In any prosecution charging a violation of any law or regulation governing the standing or parking of a vehicle, proof that the particular vehicle described in the complaint was parked in violation of any such law or regulation, together with the proof that the defendant named in the complaint was at the time of such parking the registered owner of such vehicle, shall constitute in evidence a prima facie presumption that the registered owner of such vehicle was the person who parked or placed such vehicle at the point where, and for the time during which, such violation occurred.

(b) The foregoing stated presumption shall apply only when the procedure as described herein has been followed."

Defendant acknowledges on appeal that Title 21, Chapter 8, Section 63, supra, was duly enacted pursuant to the legislative grant of power to regulate parking of vehicles within the jurisdiction of said city, but that the enactment of Title 21, Chapter 16, Section 10, supra, was unconstitutional for the reason that there was no express delegation of legislative authority under the provisions of 47 O.S. § 15–102, supra, authorizing the City of Oklahoma City to enact ordinances creating presumptions of law; and as his second assignment of error, defendant urges that the ordinance creating a presumption that the owner of a parked vehicle had parked the same is unconstitutional in that it violates the defendant's right to be presumed innocent until proven guilty, guaranteed by the Federal and State Constitutions. The defendant relies on the case of Nasfell v. Ogden City, 122 Utah 344, 249 P.2d 507, wherein the Supreme Court of the State of Utah held that the Utah ordinance, which is substantially the same as the one now being questioned in Oklahoma, was invalid, for the reason that there was no express grant of power authorizing the legislative body of the City of Ogden to enact an ordinance creating a presumption that the registered owner of a motor vehicle had parked the same.

We are of the opinion that the power of Oklahoma City to enact Title 21, Chapter 8, Section 63, and Title 21, Chapter 16, Section 10, does not rest solely on the provisions of 47 O.S. § 15–102, supra, but arises also out of the express grant of power in the Charter of Oklahoma City, and we believe that the Supreme Court of the State of Oklahoma has recognized this grant of power in the following instances where the validity of ordinances enacted by Oklahoma City was questioned:

In Ex Parte Holt, 74 Okl. 226, 178 P. 260, the Supreme Court of Oklahoma,

speaking through the Honorable Justice Bleakmore, stated:

"By its charter the city of Oklahoma City is given power to enact and enforce ordinances upon any subject not inconsistent with the laws of the state, etc."

Again, the Supreme Court in Ruth v. Oklahoma City, 143 Okl. 62, 287 P. 406, stated in the body of the opinion, appearing at page 409, the following:

"When the people of Oklahoma City adopted the charter, it was undoubtedly the intention to give the city authority to do all those things expressly granted it in the charter, and in addition thereto, to give it authority to do all those things the Constitution and general laws of the state at that time authorized it, as a municipality, to do, that were not specifically conferred in the charter, and to give it authority to do all those things that it, as a municipality, might be authorized to do by any amendments that might be made in the future to the Constitution or by any future acts of the state Legislature."

In Ex Parte Duncan, 179 Okl. 355, 65 P.2d 1015, the Supreme Court of Oklahoma cited the case of City of Buffalo v. Stevenson (1913), 207 N.Y. 258, 100 N.E. 798, 800, wherein it was held that:

"The power to regulate the use of the streets is a delegation of the police power of the state government, and whatever reasonably tends to make regulation effective is a proper exercise of that power. It justifies the charge of a fee and the imposition of the penalty, and the regulative measure is not invalidated because, incidentally, the city's receipts of moneys are increased."

Further, in the same opinion, the Supreme Court of Oklahoma cited the case of State of Florida ex rel. Harkow v. McCarthy, Chief of Police (Fla.) 126 Fla. 433, 171 So. 314, which cited the case of Frost & Frost Trucking Co. v. Railroad Commission of California, 271 U.S. 583, 46 S.Ct. 605, 610, 70 L.Ed. 1101, 47 A.L.R. 457. In the latter case Mr. Justice McReynolds observed that:

" 'The states are now struggling with new and enormously difficult problems incident to the growth of automotive traffic, and we should carefully refrain from interference unless and until there is some real, direct and material infraction of rights guaranteed by the federal Constitution.' "

■ To summarize our holding on the defendant's first assignment of error, we are of the opinion that the City of Oklahoma City had authority to enact Title 21, Chapter 8, Section 63 and Title 21, Chapter 16, Section 10, as a proper exercise of the express provisions of the City Charter, independent of 47 O.S. § 15–102, and to enact and enforce ordinances upon any subject authorized by the Charter, not inconsistent with the laws of the state. Title 21, Chapter 8, Section 63, and Title 21, Chapter 16, Section 10, not being in conflict with any law of the state, must, therefore, be a valid exercise of the authority granted in the "Home Rule Charter."

■ Defendant's second proposition is that Title 21, Chapter 16, Section 10, supra, is unconstitutional in that it violates (a) the defendant's right to be presumed innocent until proven guilty as guaranteed by the Federal and State Constitutions, and (b) that the creation of such presumption constitutes a violation of due process clause of the Constitution of the United States, made obligatory on the States by virtue of the 14th Amendment in that it makes the proof of one fact or group of facts evidence of existence of the ultimate fact on which guilt is predicated. In support of this contention the defendant relies upon Payne v. State, Okl.Cr., 435 P.2d 424. We observe that we have never passed upon the specific question here involved and that the decision in Payne v. State, supra, dealt with a presumption relating to possession of stolen property and the court's instruction to the jury based thereon, and has no application in the instant case. A comprehensive discussion of this question is dealt with extensively in 49 A. L.R.2d 456–459 and in A.L.R.2d, Supple-

menting 49–55, and in not a single instance has an ordinance similar to Title 21, Chapter 16, Section 10, been ruled unconstitutional, but to the contrary, the following jurisdictions have upheld the constitutionality of such ordinances when they have been attacked on the grounds here presented:

Arkansas – Red Top Driv-Ur-Self v. Potts, 227 Ark. 627, 300 S.W.2d 261;

California – People v. Bigman, 38 Cal.App.2d Supp. 773, 100 P.2d 370;

Kentucky – Commonwealth v. Kroger, 276 Ky. 20, 122 S.W.2d 1006;

Massachusetts – Commonwealth v. Ober, 286 Mass. 25, 189 N.E. 601;

Michigan – People v. Kayne, 286 Mich. 571, 282 N.W. 248;

Missouri – City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468;

New York – People v. Rubin, 284 N.Y. 392, 31 N.E.2d 501;
People v. Hildebrandt, 308 N.Y. 397, 126 N.E.2d 377, 49 A.L.R.2d 449;
People v. Avis Rent-A-Car Div., Cent. Taxicab Co., 24 Misc. 2d 1056, 206 N.Y.S.2d 400;
Miller v. Kall Associates, Inc. (Sup.) 228 N.Y.S.2d 529;

Ohio – City of Columbus v. Webster, 170 Ohio St. 327, 164 N.E.2d 734;

Texas – Stecher v. State, Tex.Cr.App., 383 S.W.2d 594.

⸺⬦⸺

The rationale of the jurisdictions having dealt with this question is that where motor vehicle is registered in name of particular owner, presumption is created that owner is person who violated parking ordinances, and burden is placed upon owner to offer proof that he was not in possession or control of vehicle. This principle does not change the law as to presumption of innocence, but merely shifts burden of going forward with proof. See Miller v. Kall Associates, Inc., supra.

In accordance with the authorities above set forth; we are of the opinion that the defendant's second assignment of error is without merit, and that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., concurs.

NIX, Judge (dissenting):

I cannot agree with Judge Bussey as to Syllabus 3 which quotes Oklahoma City Ordinance, Title 21, Chapter 16, Section 10.

I do not feel that this constitutes a just theory of the law. It shifts the burden of proof to the defendant. If he is the record owner of an automobile illegally parked, and a traffic violation arises out of said incident, it constitutes in evidence a prima facie presumption that the registered owner parked the vehicle. This is contrary to the principle that all persons are presumed to be innocent until proven guilty. Syllabus 3 presumes the person to be guilty until proven innocent, and therefore denies defendant due process of law.