**Bailey M. SMITH, Plaintiff-Appellant,**

v.

**The CITY OF OKLAHOMA CITY, A Municipal Corporation; Tom Heggy, Individual and as acting Chief of Police of the Oklahoma City Police Department; Larry Gleason, M.M. McPherson, and John A and D Does, individually and as acting Police Officers of the Oklahoma City Police Department, Defendants-Appellees.**

No. 81–1316.

United States Court of Appeals, Tenth Circuit.

Jan. 5, 1983.

Forest N. Simon, Oklahoma City, Okl., for plaintiff-appellant.

Walter M. Powell, Municipal Counselor, and Grant E. Price, Asst. Municipal Counselor, City of Oklahoma City, Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Bailey M. Smith brought this 42 U.S.C. § 1983 action against the City of Oklahoma City and four individual police officers. He alleged that his arrest by the police officers for outstanding parking tickets violated his constitutional rights because the arrest was unlawful and the arrest warrant was invalid. During trial the police officers were dismissed as parties to the action. The jury returned a verdict in favor of Oklahoma City. Smith raises two issues on appeal. He argues (1) that the judge should have

directed a verdict in Smith's favor because the arrest was made by city police officers outside the city's corporate boundaries, and (2) that the judge should have ruled that the arrest warrant was invalid and so instructed the jury.

The city admits, and the trial court instructed the jury, that the warrant was unlawfully served outside the corporate limits of Oklahoma City. That the arrest was unlawful did not entitle Smith to a directed verdict, however. Unless a municipality has a policy or custom that was the cause of a constitutional deprivation, the municipality will not be liable under section 1983 for the actions of its employees. A city is not liable under the doctrine of *respondeat superior* in a section 1983 suit. *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978). The evidence of municipal policy or custom on extraterritorial arrests was not sufficient to justify taking that question from the jury by way of directed verdict. *See Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.,* 584 F.2d 946, 951 (10th Cir.1978).

Whether the arrest warrant was valid is a more difficult issue. Oklahoma City appears to follow a particular pattern of action to obtain arrest warrants for parking violations. Some time after a particular licensed automobile has acquired three or more delinquent parking tickets, the office of the court administrator notifies the city police department of the license plate number. The police then identify the registered owner of the vehicle through the Tax Commission computer. The computer tells who the registered owner of the vehicle is on the date the computer check is made. The issuing officer of each ticket then verifies before the deputy city clerk that he or she issued the particular ticket on the date indicated on its face. The tickets are then attached to an unsigned warrant, which is given to a municipal judge. If everything is in order, the judge will issue the warrant. Smith attacks this procedure on the grounds that the warrant is issued on hearsay evidence only and that the municipal judge executing the warrant has no independent knowledge or information as to whether a parking violation was committed, who committed the violation, or who was the owner of the automobile at the time the violation was committed.

We see no problem with the officers' verifications or the use of hearsay generally to support warrants. Hearsay evidence may be relied on if there are proper indicia that the hearsay evidence is reliable. *United States v. Simpson,* 453 F.2d 1028, 1029–30 (10th Cir.), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 337 (1972); *accord Coleman v. Burnett,* 477 F.2d 1187, 1203 n. 89 (D.C.Cir.1973); *United States v. Schartner,* 426 F.2d 470, 473 (3d Cir.1970). The evidence relied on in this case is obtained from the ownership registration records in the Tax Commission's computer. This type of hearsay is generally reliable and would not invalidate the warrant.

Here, however, the computer check establishes only who owns the vehicle at the time of the check, not who owned it at the time the underlying citation was issued. In Oklahoma a numbered license plate is issued to an automobile and "shall remain with the vehicle for a period of five (5) years unless a replacement plate is applied for." Okla.Stat.Ann. tit. 47, § 22.4–3 (West Supp.1982). Each owner obtains a certificate of title to the automobile, *id.* § 23.2a, which he or she transfers to any purchaser of the vehicle, who, within 20 days, must present it to the Tax Commission to obtain a new certificate. *Id.* § 23.6. But the numbered license plate previously issued apparently passes with the vehicle to the new owner. Thus, the person who owns the vehicle with a specified license number at the date of the computer check may not have been the owner when the tickets were issued earlier. Here the tickets were issued from two to eight months before the check was made.[1]

---

1. The computer check was made December 10 or 11, 1979. The bench warrant was issued

December 11, 1979 for a ticket issued April 16, 1979, but also referencing fifteen other tickets

The ordinance under which the tickets were issued in the case at bar is apparently the one found constitutional in *Cantrell v. Oklahoma City,* 454 P.2d 676 (Okl.Cr.App. 1969), *cert. denied,* 396 U.S. 1010, 90 S.Ct. 568, 24 L.Ed.2d 501 (1970). The ordinance declares that proof a vehicle was illegally parked "together with the proof that the defendant named in the complaint *was at the time of such parking* the registered owner" makes out a "prima facie presumption" the owner illegally parked the vehicle. *Id.* at 678 (emphasis added). The court held the city ordinance did not change the law as to the presumption of innocence, but merely shifted the burden of going forward with evidence. *Id.* at 680.

The city relies upon *Cantrell* to support the validity of the warrant issued for Bailey's arrest. But that decision is inapposite here, because evidence that Bailey owned the car on December 10, 1979, does not demonstrate that he owned the car April 16, 1979, or the other dates the vehicle was ticketed. The Fourth Amendment to the United States Constitution declares that "no Warrants shall issue, but upon probable cause." In light of the Oklahoma law that the tag stays with the vehicle through successive owners, we hold that the information obtained from the computer did not fulfill the Constitution's probable cause requirements for issuance of a warrant for Bailey's arrest.

We recognize that many parking tickets are issued daily in Oklahoma City and other cities throughout the country, that parking offenses are misdemeanors that carry small fines, and that a car owner might easily prove when he or she obtained title to an automobile. Nevertheless, as the instant case demonstrates, arrests for parking violations can be traumatic events. Bailey was hauled from his bed in his home and taken to jail in his pajamas. The Tax Commission computers can surely be programmed to show when vehicle title transfers occurred, and thus can be programmed to show who owned the vehicle at the time the alleged violations occurred.

The trial judge was concerned with the constitutionality of the arrest warrant, but thought Bailey had not met his burden to show it was invalid. We believe, however, that Bailey's showing was sufficient. The city employee who described the procedure testified that the computer check shows only who owns the vehicle at the time the check is made. The city does not deny that its employees followed its established procedure to secure the warrant. In these circumstances the trial court should have ruled that the arrest warrant was invalid as a matter of law because it was not issued upon probable cause, that the warrant procedure utilized was established policy of the city, and that the city thereby violated Bailey's constitutional rights. Therefore, on this aspect of the case the only issue for the jury was the amount of damages Bailey suffered.

REVERSED and REMANDED for further proceedings consistent herewith.

---

issued to the license number between April 30, 1979 and October 16, 1979. The municipal

judge issuing the arrest warrant stated that it was for all of the outstanding tickets.