## Tutt v. City of Greenville, et al.

(Decided March 2, 1911.)

## Appeal from Muhlenberg Circuit Court.

Municipal Corporations—Person Outside City Limits May be Pun-ished for Violating Ordinance.—Although the Constitution and statute provide that in criminal cases the jurisdiction of police courts shall be confined to cases occurring within the city, a per-son residing outside of the city may be punished for permitting his cow to run at large within the city in violation of an ordinance. It is not material whether the offender of an ordinance lives within or without the city if through things, agencies or instru-mentalities owned, controlled and directed by him the act that violates the ordinance is committed within the city.

ROSS, CLARKE & STRAND for appellant.

CAMPBELL HOWARD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The city of Greenville has an ordinance prohibiting cattle from running at large in the city and making it a misdemeanor for any person to suffer or permit his cat-tle to be at large in the city. The appellant, Tutt, resides outside of the city limits, and under a warrant issued against him for suffering a cow owned by him to run at large and wander into the city he was arrested and fined in the police court. Thereafter he brought this suit in the circuit court against the city and the police judge, seeking to prohibit them from enforcing the col-lection of the fine and costs. A general demurrer was sustained to his petition and he appeals.

The validity of the ordinance is not assailed, but it is insisted that appellant did not commit any offense in the city limits, because he did not in person take his cow into the city and turn her loose; and, therefore, the police court had no jurisdiction to impose a fine upon him for a violation of the ordinance, although it is conceded that the cow might have been impounded and proceeded against in rem, as it were. In support of the argument that the police court had no jurisdiction over the person of appellant, our attention is called to section 143 of the Constitution, reading:

"A police court may be established in each city and town in this State, with jurisdiction in cases of violation

of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within the said limits as justices of the peace have.    *    *    *''

And section 3651 of the Kentucky Statutes, relating to the class of cities of which Greenville is one, reading:

"A police court is hereby established in such city, to be held by the police judge of such city.  Said police court shall have jurisdiction concurrent with the justices' courts of all actions and proceedings, civil and criminal, except that in criminal cases the jurisdiction shall be confined to cases occurring within the city, *    *    * and shall have exclusive jurisdiction of all actions for the recovery of any fine *    *    * and of all prosecutions for any violations of any ordinance. *    *    *''

We have no disposition to question the proposition that unless an offense is committed within the city the police court has no jurisdiction.  This being so, the only question presented is, did appellant by permitting his cow to run at large and into the city, commit within the city an offense?

As we understand the argument of counsel for appellant, it goes to the extent of insisting that a person cannot commit an offense against an ordinance of a city or town unless he is actually present within the city limits when the offense is committed.  But we do not think it necessary that a person charged with committing an offense against an ordinance should be actually within the city at the time of its violation, if in fact through his acts or agents or by or through means or things controlled and directed by him the offense charged against him is actually committed within the city.  Suppose a city had an ordinance prohibiting and punishing the throwing of explosive substances on the streets within the city limits, and a person should stand just outside the corporate boundary and throw an explosive substance within the city limits, could it be contended that he was exempt from liability and punishment under the ordinance merely because he was outside of the city when he threw the offending article?  Or, suppose a city had an ordinance prohibiting the bringing into the city of intoxicating liquors for sale and a person outside of the city sent for sale by his agent intoxicating liquors into the city, would he not subject himself to the penalty provided by the ordinance?  Illustrations like this might be

multiplied without number, but it.is scarcely necessary
to use. others, as we think there can be no doubt that
when any. person violates a valid ordinance in person
or by or through things, instrumentalities or agencies
that he owns or controls and directs, he is subject to the
punishment imposed. It is the act or thing that is done
within the city limits in violation of the ordinance that
subjects the doer to the penalty. Where the doer in fact
is at the time is a matter of no consequence. Possibly
in some cases it might be difficult to get jurisdiction of
the person of the offender, so that he might be punished,
but this fact would not affect his guilt or his liability to
punishment if he could be brought to trial. A person
need not himself be within the territorial limits of a city
in order to commit a violation of one of its ordinances if
the act that he commits or the thing that he sets in mo-
tion occurs within the city. When appellant permitted
his cow to wander at large within the city limits, he as
certainly committed an act in violation of its law as if he
had himself driven his cow within the limits and turned
her at large. There could be no difference between the
legal effect and consequence of appellant's act in stand-
ing just outside the city limits and driving his cow into
the city to run at large and in leading her into the city
and then turning her loose. In both instances it would
be through his agency or conduct that she was at large
in the city. The fact that the cow might have been im-
pounded, and subjected in a proper proceeding to any
fine imposed against appellant, did not relieve him from
liability, nor did it grant the city authority to subject
his cow without giving him an opportunity to be heard.
Varden v. Mount, 78 Ky., 86; City of Paducah p. Rags-
dale, 122 Ky., 425. The case of Earle, Mayor v. Latonia
Agricultural Association, 127 Ky., 578, is in no wise in
conflict with the conclusion we have reached. In that
case it was attempted by ordinance to prohibit and pun-
ish the sale of intoxicating liquors outside the limits of
the corporation, and it was held that the ordinance in
so far as it attempted the punishment of offenses com-
mitted outside of the city limits was void, and this for
the reason that the act that constituted a violation of
the ordinance was not committed within the city. Here
the act that constituted a violation of the ordinance was
committed within the city. It is, therefore, obvious that
there is no similarity between this case and that.

Wherefore, the judgment of the lower court is af-firmed.