## Hughes v. Commonwealth.

(Decided November 27, 1931.)

S. JEWELL RICE for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant was convicted of the offense denounced by section 1213a, Kentucky Statutes, commonly called

the "cold check" statute, and sentenced to a term of one year in the penitentiary. He had been previously tried for the same offense and convicted, but the judgment was reversed because the indictment had been drawn under the 1926 amendment (Acts 1926, c. 62) to section 1213a, which had been declared invalid. Hughes v. Commonwealth, 228 Ky. 730, 15 S. W. (2d) 421. Appellant was again indicted, this time under the old law, section 1213a. No complaint is now made of the indictment.

Appellant had purchased a quantity of hay from John S. Wood of Jessamine county, and, after he had hauled away several truck loads of the hay, Wood notified the truck driver that, unless Hughes sent him some money, he couldn't take any more hay. On July 14, 1927, Hughes sent Wood a check for $100, and he was permitted to haul away the balance of the hay that he had purchased. The contract price for the hay was $713.86. The check was drawn on the Commonwealth Bank and Trust Company, of Lexington, Ky., and was presented for payment on July 18, 1927, and payment refused on account of insufficient funds. On July 14, 1927, the day the check in question was delivered to Wood, the appellant deposited in the Commonwealth Bank & Trust Company the sum of $101.13. On June 24, 1927, he had given a check for $93.59 to Dr. L. M. Land. Dr. Land delivered this check to an employee of the Phoenix & Third National Bank of Lexington for collection, and it was presented at the Commonwealth Bank & Trust Company prior to July 14, 1927, and payment was refused because of insufficient funds; but on July 18, 1927, it was again presented and was paid. The check given to Wood was presented on the same day, but after the check to Dr. Land had been paid.

Appellant claimed that he had an agreement with Dr. Land whereby the check for $93.59 given to Land on June 24, 1927, was to be held for a few days. It is his contention that under these facts there is no showing that he issued the check to Wood with the intent to defraud, a necessary element to constitute violation of the statute, or, with intent to defraud withdrew, or caused to be withdrawn, the money or a part thereof to his credit in the bank without leaving a sufficient sum to cover the check given to Wood. Without intent to defraud, no offense is committed, but the facts may be such as the jury can reasonably infer therefrom the intent to defraud.

Appellant gave Wood a check for $100, and Wood, believing that the check would be cashed when presented for payment, permitted appellant to take possession of a quantity of hay. It is not claimed that Wood agreed to hold the check, or that he had any reason to believe it would not be paid if presented within a reasonable time. The check was presented within a reasonable time, and payment was refused because there were not sufficient funds to appellant's credit in the bank to meet the check. These facts made out a case for the commonwealth.

Appellant's defense was that on July 14, 1927, the day the check was delivered to Wood, he had to his credit in the bank on which the check was drawn, the sum of $103.13; that he had given a check to Dr. Land on June 24, 1927, for $93.59, with the agreement that it was to be held for a few days, but that Dr. Land, without notifying appellant, presented this check for payment on July 18, 1927. Appellant knew when he issued the check to Wood that he had issued three weeks before that time a check to Dr. Land which would practically exhaust his deposit in the bank. Even if he had an agreement with Dr. Land that the latter would hold his check for a few days, it is not claimed that Dr. Land agreed to notify appellant before he presented the check for payment, and twenty-one days had elapsed when appellant issued the check in this case. He could then expect that the Land check would be presented at any time, and that the money to his credit in the bank would be withdrawn before the check given to Wood could be presented. Under these circumstances, whether or not he issued the check with intent to defraud was a question of fact for the jury.

A few days after the payment on the check was refused, Wood brought suit against appellant for the full amount of his claim. The appellant offered to prove this, but the court below sustained an objection to the evidence offered on this point, and it is now insisted that this was error on the theory that obligation on the check and account could not have existed independently and simultaneously, and the judgment for the whole debt discharged the liability under the check. Conceding that, after obtaining a judgment for the full amount of the indebtedness, Wood could not sue on the check, this act on his part had no effect on the offense that had been committed. After the period of twenty days provided in the statutes had elapsed, and the check remained

unpaid on account of insufficient funds, the offense denounced by the statute was complete.

It is finally argued that the statute under which appellant was convicted is unconstitutional because it attempts to determine by legislation the force and weight of evidence, and that it is not competent for the Legislature to provide what evidence shall be considered sufficient to make a prima facie case. That question was decided adversely to appellant's contention in Commonwealth for use of City of Madisonville v. Price, 123 Ky. 163, 94 S. W. 32, 29 Ky. Law Rep. 593, 13 Ann. Cas. 489, and Commonwealth v. Goldburg, 167 Ky. 96, 180 S. W. 68.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.