# Commonwealth et al. v. Kroger.

Dec. 16, 1938.

CARL H. EBERT, WALTER J. BURKE and WILLIAM J. HER-INGER for appellants.

RAY L. MURPHY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Section 3063 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes is a part of the charter of cities of the second class in this Commonwealth. It prescribes procedures by which the validity of ordinances of the city may be tested, one provision of which seems to give the right of the city to appeal directly from a judgment of the police court of the city, *holding an ordinance invalid,* to the Court of Appeals, without passing through the circuit court of the county on appeal to it from the judgment of the city police court. The language of the statute in that respect is somewhat confused; but in the case of City of Paducah v. Ragsdale, 122 Ky. 425,

92 S. W. 13, 28 Ky. Law Rep. 1057, we sustained an appeal prosecuted directly to this court from the judgment of the police court of the city of Paducah, declaring invalid an ordinance passed by its council, and which was done because of the interpretation therein made that the confused language in section 3063 supra, authorized the appeal. The correctness of that interpretation is not free from doubt, but, since the question is of comparatively no material importance, we have concluded to accept it without question and to take jurisdiction of this appeal, which is one prosecuted in the same manner.

The city of Newport, in this Commonwealth, is one of the second class. Its board of commissioners enacted ordinance No. 162 with some later amendments, and which relates exclusively to the question of traffic upon the streets of the city, and appears to cover the entire subject. Among other provisions is one in its section 2a-50 making it "unlawful to park any vehicle in the congested area, as described in section 2a-28, longer than two hours at a time," with some exceptions not material to this case. Section 2a-64 of the ordinance says: "The violation of any section or provision of this ordinance by means of a motor vehicle shall be prima facie evidence that such violation was committed by or with the authority or permission of the owner of such vehicle." The penalty for violating section 2a-50 of the ordinance, as is prescribed in its section 2a-65, is a fine of not less than one dollar, nor more than one hundred dollars for each offense.

On November 7, 1938, a policeman of the city observed an automobile parked in an area embraced by section 2a-28. He placed a chalk mark on a tire of one of the wheels and tagged the automobile. After the expiration of two hours he returned to the place and saw the automobile parked in the same position, and which his chalk mark clearly indicated had not been moved in the interim. He took a description of the car, together with its license number, and learned that it belonged to appellee and defendant below, Clement A. Kroger. He thereupon procured a warrant from the city police court, charging defendant with violating the ordinance. At the trial of the charge defendant appeared and entered a plea of not guilty; whereupon the parties filed an agreed stipulation of facts, the substance of which was as hereinbefore stated. Defendant declined to testify and moved that the jury impaneled to try the

case be instructed to find him not guilty, which the court sustained with exceptions by counsel for the city, and a verdict and judgment was rendered accordingly, to reverse which this appeal to this court was prosecuted.

The grounds upon which the police judge sustained defendant's motion, as disclosed by the record, were (1) that section 2a-64, making the facts recited therein prima facie proof of a violation of the ordinance by the owner of the guilty vehicle, was and is unconstitutional, invalid and void, and (2) independently of the enacted presumption the stipulated facts were insufficient to create guilty circumstances so as to support a conviction. Our opinion will be devoted to a consideration of those grounds in the order named.

1. It is now well settled that it is competent for legislative bodies to prescribe by their enactments that a certain state of facts shall constitute a presumption of the principal fact, and to thereby cast the burden of overcoming that presumption on the adverse party, even a defendant in a criminal prosecution. See volume 1 of Wharton's Criminal Evidence, 11th Ed. pages 79, 80, sections 69 and 70; 10 R. C. L. 864, section 7; annotations in 51 A. L. R. on page 1179; Smith v. Commonwealth, 196 Ky. 188, 244 S. W. 407; McArthur v. Payne, 201 Ky. 793, 258 S. W. 684; Hughes v. Commonwealth, 242 Ky. 412, 46 S. W. (2d) 783, and numerous cases cited in those opinions and texts, and other cases decided since those we have listed. But it is equally well settled that such enacted presumptions may be given only a *prima facie* effect and not a *conclusive* one so as to bar the opposing litigant, or the defendant in a criminal or penal action, from the right to rebut it. It is, therefore, incompetent for legislative bodies to prescribe for a conclusive presumption.

Moreover, the right to prescribe for a rebuttable one is qualified to this extent—that the prescribed facts for creating the prima facie presumption shall have "a natural and rational evidentiary relation" to—and a logical tendency to prove—the principal fact. See Wharton, supra, page 80, section 70. The text of R. C. L. supra, thus states the qualification: "It has been said, however, that the statutory evidentiary facts must be related to and have a tendency to establish the fact of which they are declared to be prima facie evidence, in

order that the statute may be a valid exercise of such legislative power. Doubtless it would not be possible to uphold a law which made an act prima facie evidence of crime over which the party charged had no control and with which he had no connection, or which made that prima facie evidence of crime which had no relation to a criminal act and no tendency whatever by itself to prove a criminal act.''

We unhesitatingly approve that qualification, and the power and authority to so enact, as circumscribed by the qualification, has never been questioned in this jurisdiction. On the contrary, it has been constantly upheld and applied—prominent illustrations of which are our statutes relating to the manufacture and sale of intoxicating liquors, as well as those relative to other offenses. Indeed, it is admitted by counsel for defendant that it is competent for a *state legislature* to so provide for the creation of prima facie presumptions within the limitations referred to; but they contend that the right is not possessed by municipal legislative boards—being confined, as they insist, to state legislative bodies—and in support of that contention they refer to this court's opinion in the case of McNulty v. Toof, 116 Ky. 202, 75 S. W. 258, 25 Ky. Law Rep. 430. It was a prosecution for violation of a city ordinance of the city of Paducah—one portion of which undertook to prescribe a prima facie presumption of guilt of the accused violator. Among the defenses interposed by the defendant in that case was a challenge of the validity of that enacted presumption, as contained in the ordinance, on the express ground that it was incompetent for municipal legislative bodies in the absence of express or of necessarily impliedly delegated authority therefor to so prescribe. We upheld that contention along with other defenses interposed, and in doing so made this statement in our opinion [page 260]: ''We are unable to find where the state has delegated to the municipality the right to legislate upon the question of evidence, and of its weight and effect before the courts. The provision in the ordinance making such fact prima facie evidence of the violation of the act is invalid.''

It is quite apparent from reading the opinion that the enacted prima facie presumption in that case was unsustainable and, therefore, invalid, because the facts prescribed as creating the presumption were so remote from the establishment of the principal fact as to in-

validate it for the reason hereinbefore stated, and for which reason it was not really essential to bottom the declared invalidity upon the ground of want of authority on the part of the city council to enact the presumption.

But be that as it may, we in the later case of Commonwealth, for Use v. Price, 123 Ky. 163, 94 S. W. 32, 29 Ky. Law Rep. 593, 13 Ann. Cas. 498, expressly upheld the right of the city council of the city of Madisonville, Kentucky, to prescribe for a prima facie presumption of the guilt of a violator of one of its ordinances the same as if it had been prescribed by our legislature. In upholding that provision of the ordinance we said: "It was competent for the legislative body in making the law to provide what should be a prima facie case, and to place upon the defendant, in case a violation of the law was shown, the burden of showing that the case fell within one of the exceptions named in the ordinance."

A pertinent case of like tenor is that of Tutt v. City of Greenville, Kentucky, 142 Ky. 536, 134 S. W. 890, 33 L. R. A., N. S., 331. Mr. Wharton in his work supra, in sec. 70, page 80, recognizes the right of legislative bodies of municipalities to so enact, the same as that of state legislatures, when he says: "Such statutes *or ordinances* are within the well settled powers of a legislative body *to change the rules of evidence* and *do not infringe upon the rights of the judiciary, or violate any other provisions of the federal or state constitutions.*" (Our italics.)

To the same effect is the text in McQuillan on Municipal Corporations, second edition, volume 2, pages 553, and 564. Some courts, however, adopt the rule as announced in the McNulty Case supra, but the later Price Case aligned this court with the majority of courts in upholding such municipal enactments, provided they conformed to the limitations for the legal exercise of such authority.

However, we are convinced that present charters of second class cities confer by necessary implication upon the legislative body of that class of municipalities authority to so enact. Section 3058-25 of our Statutes, being a part of the charter, confers authority: "To pass all such ordinances, not inconsistent with the provisions of this act or the laws of the state, as may be expedient in maintaining the peace, good government, health and

welfare of the city, its trade, commerce and manufactures, and to enforce the same by fines and penalties; and any enumeration of subjects and matters herein to be regulated shall not be construed as a limitation upon this general power." We know of no constitutional or statutory provision with which such an enactment is inconsistent, and it has a direct tendency towards the ready enforcement of penal ordinances in order to maintain "the peace, good government, health and welfare of the city" to the same extent as it would be necessary for the enforcement of a state statute upon the same or other subjects. We, therefore, conclude that ground (1) upon which the police judge of the city of Newport based his decision, is without merit.

2. But little need be said with reference to ground (2) upon which the court's decision was rested. We make that statement because, independently of the enacted presumption, the circumstances stipulated and agreed to are amply sufficient under the general law of evidence—of ancient and uninterrupted declaration—to support a conviction or the establishment of the principal fact by circumstantial evidence. In this case it is uncontradictedly shown—and indeed agreed to—that the guilty car remained parked on the streets of Newport longer than the time prescribed within the particular area. It was shown and agreed to that defendant owned that automobile. Numerous are the instances where violators of the criminal law have languished in the penitentiary pursuant to convictions on circumstantial evidence and where their convictions were based upon presumptions arising from proven or admitted facts—a conspicuous instance of which is the possession of stolen property, which all courts hold is sufficient to sustain a conviction under a charge of larceny of the property and is sufficient to sustain the statutory charge of receiving stolen property knowing it to have been stolen. Even life itself has been exacted upon circumstantial testimony of no more probative force than the admitted circumstances in the instant case. If one may be convicted of such infamous crimes, we conclude that, a fortiori, the same probative circumstances are sufficient to sustain a conviction of a penal action wherein the punishment consists only in the payment of a fine. We unhesitatingly conclude that the court also erred in directing defendant's acquittal as based on ground (2) supra.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.