## STATE OF FLORIDA v GILBERT
### Case No. CTC88-1284-SD
County Court, Volusia County

April 20, 1988

### APPEARANCES OF COUNSEL

**Frederick Jaeger,** South Daytona City Attorney, for plaintiff.
**Flem K. Whited, III** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on March 16, 1988 for a civil infraction hearing on a parking citation. The defense at the conclusion of said hearing raised the constitutionality of a city ordinance as interpreted by a Florida Statute. This Court upon review and consideration of the matter finds as follows:

Defendant was issued a parking citation alleging a violation of South Daytona, Fla. Ordinance 18-1(e)(6) (April 28, 1987) dealing with on-street parking in residential areas. Testimony of the issuing officer showed that the vehicle was, pursuant to the ordinance, illegally parked. The officer did not observe the car being parked. A tag check revealed that the car belonged to the defendant herein.

Section 18-1(h) of the ordinance provides:

This section is intended to be supplemental to the provisions of Chapter 316, Florida Statutes. . . .

Section 316.1967(1) *Fla. Stat.* (1987) provides:

The owner of a vehicle is responsible and liable for payment of any parking ticket violation unless the owner can furnish evidence that the vehicle was, at the time of the parking violation, in the care, custody, or control of another person. In such instances, the owner of the vehicle is required, within a reasonable time after notification of the parking violation, to furnish to the appropriate law enforcement authorities the name and address of the person or company who leased, rented, or otherwise had the care, custody, or control of the vehicle. The owner of a vehicle is not responsible for a parking ticket violation if the vehicle involved was, at the time, stolen or in the care, custody, or control of some person who did not have permission of the owner to use the vehicle.

Subsection (2) makes the violation noncriminal.

The defense maintains that the ordinance as interpreted by the statute is unconstitutional in that it presumes knowledge on the car owner's part. There is a dearth of case law throughout the country. The Court in *Commonwealth v. Kroger,* 122 S.W.2d 1006 (Kty. 1938) was faced with a city ordinance which made it unlawful to park any vehicle in a described congested area for longer than two hours at a time. Another ordinance section provides that any violation by a motor vehicle shall be prima facie evidence that such violation was committed by or with the authority or permission of the owner of the vehicle. The factual scenario in *Kroger* is identical to the factual scenario herein. The defense in *Kroger* likewise raised the constitutionality of the ordinance.

The Court found the ordinance to be constitutional and noted that it was competent for legislative bodies to prescribe by their enactments that a certain state of facts shall constitute a rebuttable presumption of the principal fact, and to thereby cast the burden of overcoming that presumption on the adverse party, even a defendant in a criminal prosecution. In Florida see, for example, the presumption of alcohol impairment as contained in § 316.1934(2)(c) *Fla. Stat* (1987). Cf. *Commonwealth v. Leaman,* 388 A.2d 330 (Pa. 1978) (Note that the Court dealt with violations of criminal law rather than noncriminal violations).

The Court in *City of Chicago v. Hartunian,* 195 N.E.2d 217 (Ill.

App. Ct. 1963) evidently tacitly found valid a presumption of law that a person in whose name a motor vehicle is registered is prima facie responsible for a traffic violation (parking in violation of a municipal code) involving the motor vehicle and is subject to the applicable penalty. Note only the abstract was published.

Florida, specifically as to noncriminal violations, would seem to be in accord. See *LaMonte v. State*, 145 So.2d 889 (Fla. 2d DCA 1962) citing repealed s. 186.55(1) *Fla. Stat.* (Presumption in reference to illegal parking, operating, stopping, etc.) which is substantially identical to § 316.1967(1) *Fla. Stat.* (1987). Note Chapter 186 of Title 12 (Cities and Towns), Model Traffic Ordinances for Municipalities contained in §§ 186.01 to 186.9995 was repealed by laws 1971, C 71-135 § 2, effective January 1, 1972. The 1971 law repealed enumerated sections of former Chapter 186 and enacted the Florida Uniform Traffic Control Law, incorporated in Chapter 316, in lieu thereof. It appears that a provision covering the material in repealed § 186.55(1) was not enacted until 1977 when § 316.1967(1), *Fla. Stat.* was made law.

Based on the above and foregoing in conjunction with the evidence presented, this Court finds South Daytona, Fla. Ordinance 1801(e)(6) (April 28, 1987) as interpreted by § 316.1967(1) *Fla. Stat.* (1987) to be constitutional and violated by the defendant herein. Adjudication is hereby withheld and defendant is hereby ordered to pay $15.00 in fine and $10.00 in court costs within thirty days.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 20th day of April, 1988.