Lillian L. RENTSCHLER, Appellant,

v.

Timothy S. LEWIS, Appellee.

No. 1998–SC–0987–DG.

Supreme Court of Kentucky.

Sept. 28, 2000.

Robert W. Grant, Louisville, for Appellant.

Henry A. Triplett, Bennett, Bowman, Triplett & Vittitow, Louisville, for Appellee.

COOPER, Justice.

On October 4, 1994, two motor vehicles driven by Lillian L. Rentschler and Timothy S. Lewis, respectively, collided in the parking lot of the Shelbyville Road Manor shopping center in Louisville, Kentucky. Rentschler brought this action in the Jefferson Circuit Court for damages for the personal injuries which she sustained in the accident. A unanimous jury exonerated Lewis of any responsibility for causing the accident.[1] The issue on appeal relates

---

1. Remarkably, the same jury also exonerated Rentschler of any responsibility for causing the accident.

to the effect of KRS 186.640, which provides:

> Any driver involved in any accident resulting in any damage whatever to person or to property who is ineligible to procure an operator's license, or being eligible therefor has failed to procure a license, or whose license has been canceled, suspended or revoked prior to the time of the accident, shall be deemed prima facie negligent in causing or contributing to cause the accident.

On the date of this accident, Lewis was in possession of what he believed to be a valid operator's license. He later learned that his license was under suspension on that date because of his failure to attend alcohol classes following a prior alcohol-related motorcycle accident in which he had sustained personal injuries. *See* KRS 186.570(1)(b). Rentschler attempted to introduce evidence of that fact at trial and tendered the following proposed jury instruction:

> It was the duty of Defendant, Timothy S. Lewis, to procure a valid operator's license prior to the operation of his vehicle. If you are satisfied from the evidence that Defendant, Timothy S. Lewis, operated his vehicle when his license was canceled, suspended or revoked prior to the time of the accident, then he shall be deemed prima facie negligent in causing or contributing to cause the accident. For the purpose of this instruction "prima facie" shall mean that a fact is presumed to be true unless disproved by some evidence to the contrary.

The trial judge held that the evidence was inadmissible and refused to give the tendered instruction to the jury. The Court of Appeals affirmed.

The statute in question was enacted in 1936[2] and was compiled in Carroll's Kentucky Statutes as KS § 2739m–62. It was recompiled in the 1942 revision as KRS 186.640. Prior to its enactment, our predecessor Court had held in *Moore v. Hart,* 171 Ky. 725, 188 S.W. 861 (1916) that evidence that a motor vehicle was unregistered and its operator unlicensed, both in violation of applicable statutes, was inadmissible "unless such violation has some causal connection with the producing of the injury." *Id.,* 188 S.W. at 864. Some sixteen years after the enactment of KRS 186.640, our predecessor Court held in *Baber v. Merman,* Ky., 249 S.W.2d 142 (1952) that "evidence that the plaintiff ... had no driver's license was irrelevant" to the issue of contributory negligence. *Id.* at 144. These cases are consistent with the definition of relevancy now contained in KRE 401, *viz:*

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

The fact of consequence in this case is whether the manner in which Lewis operated his vehicle was a substantial factor in causing the accident. His status as a licensed or unlicensed driver would not tend to prove or disprove that fact. Therefore, the trial judge correctly concluded that such evidence was irrelevant, thus inadmissible.

Rentschler argues that Lewis's status as an unlicensed driver was relevant because he "had no legal right to be on the highway when the accident occurred." This same argument was raised and rejected in *Moore v. Hart, supra,* wherein it was asserted that an unlicensed driver was a "trespasser upon the highway" who was guilty of negligence per se and not entitled to the protections of the law. The Court described this proposition as a "cruel and almost savage doctrine," *id.,* 188 S.W. at 863, which it attributed to the courts of Massachusetts, citing *Chase v. New York Cent. R. Co.,* 208 Mass. 137, 94 N.E. 377

---

**2.** 1936 Ky. Acts 3d ex. sess. ch. 13 § 29 (eff. Aug. 1, 1936).

(1911). To their credit, the courts of Massachusetts have long since abandoned this "cruel and almost savage doctrine." In *Dean v. Leonard*, 323 Mass. 606, 83 N.E.2d 443, 445 (1949), the rule was held to apply only to circumstances where the violation of the law could be shown to have been a proximate cause of the accident. In *Falvey v. Hamelburg*, 347 Mass. 430, 198 N.E.2d 400 (1964), it was held that the illegal registration of the alleged tortfeasor's vehicle could not be considered as evidence of negligence because that fact had no causal relation to the accident.

> Of course it might be argued that but for the violation of law the car would not have been on the road and hence would not have been involved in the accident. But that can hardly be treated as a cause in the legal sense. The accident could just as well have happened had the car been legally registered.

*Id.* at 403.

Only three years after the enactment of KS § 2739m–62 (now KRS 186.640), our predecessor Court had occasion to address whether the statute required the giving of a jury instruction virtually identical to the one tendered by Rentschler in this case. In *Tipton v. Estill Ice Co.*, 279 Ky. 793, 132 S.W.2d 347 (1939), it was held that the instruction was not authorized, and that:

> [I]t was not competent for the Legislature to make the mere failure to secure [an] operator's license prima facie evidence that the driver involved in an accident was negligent in causing or contributing to such accident.

*Id.*, 132 S.W.2d at 350.

The Court went on to say that while the legislature was competent to create statutory presumptions, the right to provide for a rebuttable presumption is qualified to the extent that "the prescribed facts for creating the prima facie presumption shall have 'a natural and rational evidentiary relation' to, and a logical tendency to prove, the principal fact." *Id.* (quoting *Commonwealth v. Kroger*, 276 Ky. 20, 122 S.W.2d 1006, 1007 (1938)). The Court

concluded that "the mere failure … to procure an operator's license prior to the accident had no 'natural and rational evidentiary relation to—or a logical tendency to prove the principal fact.'" *Id.*

■ The Court noted in *Tipton* that it was only addressing a fact situation where the driver had never been licensed and not one where the driver was ineligible to procure a license, or where his license had been suspended or revoked; thus, "we are not required to determine whether, if such had been shown, the court would have been authorized to give an instruction under the quoted section of the statute." *Id.*, 132 S.W.2d at 350. We now hold that the same result obtains in a fact situation where a driver was unlicensed because his license had been suspended. Regardless of the reason why Lewis was unlicensed, the conclusion is inescapable that such had no "natural and rational evidentiary relation to—or a logical tendency to prove" that the manner in which he was operating his vehicle when this accident occurred was a substantial factor in causing the accident. "Where the facts of an accident do not show any causal connection between the violation of a statute and the injury suffered, then such violation is irrelevant and plays no part in the determination of liability." *Ross v. Jones*, Ky., 316 S.W.2d 845, 847 (1958).

■ Furthermore, as noted in *Tipton, supra*, KRS 186.640 purports only to create a rebuttable presumption; and "[i]t is 'never proper to instruct the jury as to presumptions of law or of fact.'" J. Palmore, *Kentucky Instructions to Juries (Civil)* § 13.11g, at 16 (4th ed. Anderson 1989) (quoting *Pacific Mut. Life Ins. Co. v. Meade*, 281 Ky. 36, 134 S.W.2d 960, 965 (1939)); *see also Meyers v. Chapman Printing Co., Inc.*, Ky., 840 S.W.2d 814, 824 (1992). The existence of a presumption serves only to require the party against whom it operates to introduce evidence to rebut it. If this burden of going forward is not satisfied, the party in whose

favor the presumption operates is entitled to a directed verdict. If the burden is satisfied, the presumption disappears and plays no further role in the case. Commentary to KRE 301, Evidence Rules Study Committee, Final Draft (1989). As a general rule, civil law presumptions "live and die 'without the knowledge of the jury, and without affecting the judge's charge in any way,"' primarily because juries are thought to be incapable of understanding the legal aspects of their application. R. Lawson, *The Kentucky Evidence Law Handbook* § 10.05, at 552, 553 (3d ed. Michie 1993) (quoting Morgan, *Instructing the Jury Upon Presumptions and Burden of Proof,* 47 Harv. L.Rev. 59, 75 (1933)).

 Thus, even if we were to accept (which we do not) Rentschler's invitation to overrule *Tipton v. Estill Ice Co., supra,* the result would be the same. Lewis introduced evidence that he was not at fault in causing the accident. The presumption was thereby rebutted and disappeared; and its former existence was irrelevant to any other aspect of the case.

Accordingly, the opinion of the Court of Appeals and the judgment of the Jefferson Circuit Court are affirmed.

LAMBERT, C.J.; GRAVES, JOHNSTONE, KELLER and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent because I believe it was improper in an automobile negligence case to exclude evidence that Lewis operated his vehicle at the time of the accident while his drivers' license was cancelled, suspended or revoked.

KRS 186.640 provides in pertinent part that any driver involved in any accident resulting in any damage whatsoever to person or property ... whose license has been cancelled, suspended or revoked pri-

or to the time of the accident, shall be deemed prima facie negligent in causing or contributing to the accident.

The decision of this Court, known then as the Court of Appeals, in *Tipton v. Estill Ice Co.,* 279 Ky. 793, 132 S.W.2d 347 (1939), held that the legislature could not make the mere failure to secure a drivers' license prima facie evidence that a driver involved in an automobile accident was negligent. *Tipton, supra,* involved an earlier version of the statute at a time when automobile activity was far less than it is in the Year 2000. This Court should reexamine *Tipton* and overrule it. The duty to obtain a valid drivers' license was in addition to the duty to exercise ordinary care in operating the vehicle. The collision could not have occurred if the suspended driver had honored his duty not to operate a vehicle on the highways without a valid license.

This case involves a driver whose license was revoked as a result of a DUI conviction involving an automobile collision. This case relates to the revocation provision of the statute and is very closely linked to the legitimate purpose of promoting safety on the highway by keeping intoxicated persons and other unsafe drivers off the road. There is no prejudice to the driver whose license was suspended because after the introduction of the suspension, the driver could have met his burden of going forward with evidence to rebut the presumption, KRE 301, and the jury could have determined the comparative negligence of both sides.