RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1308-MR


MIRANDA MARIE ELLISON                                 APPELLANT


|  | APPEAL FROM HOPKINS CIRCUIT COURT |
|---|---|
| v. | HONORABLE CHRISTOPHER B. OGLESBY, JUDGE |
|  | ACTION NO. 19-CI-0087 |


GARY WAYNE MILLER                                     APPELLEE


AND


NO. 2021-CA-1364-MR

GARY WAYNE MILLER                               CROSS-APPELLANT


|  | CROSS-APPEAL FROM HOPKINS CIRCUIT COURT |
|---|---|
| v. | HONORABLE CHRISTOPHER B. OGLESBY, JUDGE |
|  | ACTION NO. 19-CI-0087 |


MIRANDA ELLISON                                       CROSS-APPELLEE

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Miranda Marie Ellison brings Appeal No. 2021-CA-1308-MR

from an October 14, 2021, Trial Order and Judgment of the Hopkins Circuit Court,

and Gary Wayne Miller brings Cross-Appeal No. 2021-CA-1364-MR from the

same October 14, 2021, Trial Order and Judgment of the Hopkins Circuit Court

dismissing Ellision's personal injury action against Miller.  We affirm Appeal No.

2021-CA-1308-MR and Cross-Appeal No. 2021-CA-1364-MR.

On November 3, 2017, Gary Wayne Miller, a resident of Kentucky,

was operating a motorcycle in Texas.  Ellison, a resident of Tennessee, was a

passenger on the motorcycle.  Miller lost control of the motorcycle, and Ellison

suffered severe injuries, including a brain injury.  Neither Miller nor Ellison was

wearing a helmet at the time of the accident.  The motorcycle was licensed and

registered in Kentucky, and Miller possessed a Kentucky motorcycle instruction

permit.

On February 27, 2019, Ellison filed a complaint in the Hopkins

Circuit Court against Miller.  Therein, Ellison stated that Miller was a resident of

Hopkins County and resided in Madisonville, Kentucky.  Ellison asserted that "due

-2-

to [Miller's] negligence, carelessness, gross negligence, and recklessness he lost control causing a wreck that injured . . . Ellison." Complaint at 1. In particular, Ellison raised the claims of negligence, negligence per se, and gross negligence. As to negligence per se, Ellison alleged that Miller violated sundry Texas Transportation Code Provisions. Miller filed an Answer and generally denied that he was negligent, careless, grossly negligent, or reckless as to his operation of the motorcycle.

A dispute arose between parties concerning whether Texas or Kentucky law was controlling, whether Miller could properly operate a motorcycle in Texas, and whether Miller could operate the motorcycle with a passenger in Texas. By order entered February 17, 2021, the circuit court concluded:

> 1. The Defendant, Gary Miller, possessed a valid license to operate a motorcycle in Texas on November 3, 2017[,] pursuant to Tx. Transp. Code § 521.030.
>
> 2. The Defendant, Gary Miller, was authorized by Tx. Transp. Code § 521.030 and Tx. Transp. Code § 545.416(b)-(c) to operate a motorcycle in Texas with a passenger on November 3, 2017.
>
> 3. At the time of the accident on November 3, 2017, Defendant, Gary Miller, was in violation of Tx. Transp. Code § 661.003(b) by failing to require Plaintiff, a passenger on his motorcycle, to wear protective head gear.
>
> 4. Plaintiff Miranda Ellison was in violation of Tx. Transp. Code § 661.003(a)-(c) by failing to wear

> protective head gear while a passenger on Defendant,
> Gary Miller's motorcycle on November 3, 2017.

February 17, 2021, Order at 1. And, after a pretrial conference, the circuit court rendered an order on September 17, 2021. Therein, the court noted that Ellison withdrew Edward Crum as an expert witness and that the parties agreed to not mention "the motorcycle license status" of Miller.

A jury trial ensued, and the jury found in favor of Miller. By Trial Order and Judgment entered October 14, 2021, the circuit court dismissed all claims against Miller. These appeals follow.

## APPEAL NO. 2021-CA-1308-MR

Ellison contends that the circuit court erroneously failed to instruct the jury upon certain statutory duties under both Texas and Kentucky law. In particular, Ellison argues that the circuit court's jury instructions failed to instruct upon statutory duties under Texas law that Miller had to ensure Ellison was wearing a helmet, that Miller was not properly licensed to operate a motorcycle, and that Miller was not permitted to carry a passenger on his motorcycle. Additionally, Ellison asserts that the circuit court's jury instructions also failed to instruct upon the statutory duty in Kentucky that Miller could not carry a passenger as he only possessed a motorcycle instruction permit. To resolve these contentions of error, we must initially determine whether Kentucky or Texas law controls and then address Ellison's specific claims as related to the jury instructions.

As to tort actions filed in this Commonwealth, it is well-settled that "any significant contact with Kentucky is sufficient to allow an application of Kentucky law." *Reichwein v. Jackson Purchase Energy Corp.*, 397 S.W.3d 413, 416 (Ky. App. 2012) (quoting *Petronis v. Churchill Downs, Inc.*, No. 2005-CA-1925-MR, 2007 WL 1520018, at *2 (Ky. App. 2007)). In *Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968), the Supreme Court elaborated upon the significant contact test in relation to a motor vehicle accident:

> Upon further study and reflection the court has decided that the conflicts question should not be determined on the basis of a weighing of interests, but simply on the basis of whether Kentucky has enough contacts to justify applying Kentucky law. Under that view if the accident occurs in Kentucky (as in the instant case) there is enough contact from that fact alone to justify applying Kentucky law. Likewise, if the parties are residents of Kentucky and the only relationship of the case to another state is that the accident happened there (as in *Wessling* [*v. Paris*, 417 S.W.2d 259 (Ky. 1967)]), there is enough contact with Kentucky to justify applying our law. The fact that we will apply Kentucky law where Kentucky people have an accident in Ohio or Indiana does not require that we apply Ohio or Indiana law where people of one of those states have an accident here, because the basis of the application is not a weighing of contacts but simply the existence of enough contacts with Kentucky to warrant applying our law.

In this case, Miller was a resident of Kentucky, and Kentucky issued Miller a motorcycle instruction permit. Miller's motorcycle was also registered and licensed in Kentucky. Ellison was a Tennessee resident, and the accident

-5-

occurred in Texas. Under these undisputed facts, we are of the opinion that Kentucky had significant contacts to compel application of Kentucky law. *See Arnett*, 433 S.W.2d at 113. Having so concluded, we shall now examine Ellison's contention as to improper jury instructions.

It is well-established that jury "[i]nstructions must be based upon the evidence and they must properly and intelligibly state the law." *United Parcel Serv., Inc. v. Barber*, 557 S.W.3d 303, 310 (Ky. App. 2018) (quoting *Hamilton v. CSX Transp., Inc.*, 208 S.W.3d 272, 275 (Ky. App. 2006)). Per Kentucky Rules of Civil Procedure (CR) 51(3), a party may not appeal an erroneous jury instruction unless the party "fairly and adequately" stated his position by tendered instructions, by motion, or by objection. So, to preserve a challenge to a jury instruction, a party must inform the trial court of the alleged error so that the court has the "opportunity to correct any errors before instructing the jury." *Sand Hill Energy, Inc. v. Smith*, 142 S.W.3d 153, 162 (Ky. 2004).

In this case, Ellison submitted two proposed jury instructions and objected to the court's jury instructions. However, Ellison's proposed jury instructions and objection centered upon the application of Texas statutory law. Ellison argued in her trial briefs that Miller was not a licensed motorcycle operator under Texas law, that Miller was not authorized to carry a passenger under Texas law, and that Miller should have required Ellison to wear a helmet under Texas

law. Ellison's proposed jury instructions and objections to the court's jury instructions were based upon her belief that Texas law controlled. As we have concluded that Kentucky law controls, it was not error for the circuit court to refuse to instruct the jury on Texas law as proposed by Ellison.

And, as to Ellison's argument that the court erred by failing to instruct the jury on negligence per se based upon Miller's violation of Kentucky Revised Statutes (KRS) 189.285(4), it appears that Ellison failed to argue same in her objections to the court's jury instructions. Ellison's arguments as to application of KRS 189.285(4) are clearly unpreserved for appellate review. CR 51(3).

We are cognizant that KRS 189.285(4) prohibits a motorcycle operator with only an instruction permit from carrying a passenger in Kentucky. Miller only possessed a motorcycle instruction permit and was barred by KRS 189.285(4) from carrying Ellison as a passenger. However, "the mere violation of a statute does not necessarily create liability [as] . . . [t]he violation must be a substantial factor in causing the injury[.]" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001). *See also* Ronald W. Eades, *Kentucky Law of Damages* § 1:5 (2023). While causation is usually a factual issue, the "court may decide the issue of causation as a matter of law" where there is only one reasonable conclusion that can be reached. *Id.*

In our case, there was no evidence introduced at trial that Miller's carrying of a passenger was a substantial factor in causing the motorcycle accident. *See Rentschler v. Lewis*, 33 S.W.3d 518, 520 (Ky. 2000). It appears that Ellison had retained Crum as an expert witness to testify as to the handling of a motorcycle with a passenger but ultimately agreed to withdraw him as a witness before trial. Consequently, we conclude that Ellison was not entitled to a negligence per se instruction based upon either Kentucky or Texas statutory law. Therefore, the trial court did not commit reversible error by failing to instruct the jury upon negligence per se based on Miller's violation of KRS 189.285(4).

Ellison next maintains the circuit court erred by excluding from evidence one of Miller's medical records. Ellison points out that the medical record was a progress note by Dr. Kayla Colvill and was created while Miller was a patient at a Texas hospital on November 4, 2017, the day after the motorcycle accident. In the medical record, Ellison indicates that "the narrative states in relevant part: 'Gary Miller is a 41 year old male, who presented s/p MCC [status post motorcycle collision] at approximately 80 mph.'" Ellison's Brief at 22. Ellison argues that the circuit court erroneously excluded the medical record based upon a hearsay objection. Ellison maintains that the medical record was admissible per Kentucky Rules of Evidence (KRE) 803(4), KRE 801A(a)(1), and KRE 803(6).

The circuit court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Clephas v. Garlock, Inc.*, 168 S.W.3d 389, 393 (Ky. App. 2004). If the circuit court abused its discretion, we will only reverse if such error prejudiced the substantial rights of a party. KRE 103(a); *Portor v. Allen*, 611 S.W.3d 290, 294 (Ky. App. 2020). And, when considering whether the error is harmless, "the court determines whether the result probably would have been the same absent the error[.]" *CSX Transp., Inc. v. Begley*, 313 S.W.3d 52, 69 (Ky. 2010).

In her brief, Ellison admits that the medical record at issue "was shown onscreen" on two occasions during trial. Ellison's Brief at 22. The record reveals that Ellison specifically questioned Miller concerning his speed at the time of the accident. During questioning, Miller stated that he was traveling the speed limit. In response, Ellison questioned Miller concerning the statement to his doctor that Miller was traveling eighty miles per hour at the time of the accident. At this time, the medical record was on a screen in the courtroom with the relevant sentence highlighted for the jury. Ellison continued to question Miller about the medical record and why the doctor would have recorded that Miller was traveling at eighty miles per hour at the time of the accident. Miller denied making the statement to the physician and denied he was traveling eighty miles per hour.

Later, during trial, Ellison was cross-examining Andrew Erwin, an expert witness for Miller. Ellison asked Erwin if he could tell the jury how fast Miller was traveling at the time of the accident, and Erwin responded that he could not. Ellison then asked Erwin what the chances were that Miller would have problems with the motorcycle if he were going eighty miles per hour. Erwin responded the chances were higher if he were traveling at a higher speed. Ellison then asked Erwin to detail the information the defense team provided for his review, which Erwin did. Thereafter, Ellison asked if Erwin reviewed Miller's medical record where it was recorded that Miller was traveling eighty miles per hour. At this time, Ellison showed the medical record on a screen to the jury. Miller objected to the medical record on the basis of hearsay. The circuit court sustained the objection and instructed the jury to disregard the medical record in this instance. Ellison proceeded to ask Erwin if it mattered what Miller told his doctor concerning the speed of the motorcycle. Erwin answered no and explained that his testimony concerning the motorcycle accident was based upon scientific literature, tire marks, and independent facts.

Considering that the jury was informed about the content of the medical record during Ellison's examination of Miller and that Erwin stated that the information was irrelevant to his expert opinion, we conclude that the jury's verdict probably would have been the same absent the alleged error, so the error, if

-10-

any, was harmless. We simply do not believe the exclusion of the medical record had any impact upon the jury's verdict. Thus, we are of the opinion that the circuit court did not commit reversible error by excluding the medical record.

Ellison raises other allegations of error. We believe the remaining allegations of error are moot based upon our resolution herein.

<u>CROSS-APPEAL NO. 2021-CA-1364-MR</u>

Miller filed a protective cross-appeal, and based upon our affirmance of Ellison's direct appeal (Appeal No. 2021-CA-1308-MR), the contentions of error raised in the Cross-Appeal are moot.

For the foregoing reasons, we affirm Appeal No. 2021-CA-1308-MR and affirm Cross-Appeal No. 2021-CA-1364-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT/CROSS-APPELLEE:

Ryan Biggerstaff
Michael Liska
Lexington, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

James A. Sigler
M. Jared Sigler
Paducah, Kentucky