**Harry KIRK, Plaintiff,**

v.

**Richard HESSELROTH; Frank Jordan, in his official capacity as Chief of Police of the San Francisco Police Department; and the City and County of San Francisco, Defendants.**

**No. C–82–6732 SAW.**

United States District Court, N.D. California.

June 30, 1988.

On Motion for Reconsideration Jan. 26, 1989.

Edward Chen, ACLU, Alan Marks, James Petruzzi, San Francisco, Cal., for plaintiff.

Louise H. Renne, City Atty., G. Scott Emblidge, Deputy City Atty., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER GRANTING IN PART, DENYING IN PART, CROSS–MOTIONS FOR SUMMARY JUDGMENT

WEIGEL, District Judge.

This action involves plaintiff's mistaken designation by the San Francisco Police Department (SFPD) as an individual required to register as a sex offender under California Penal Code § 290. Plaintiff

was not only arrested and prosecuted as a result, but his alleged failure to comply with § 290 was also communicated to a prospective employer, the San Francisco Unified School District (SFUSD). Plaintiff seeks damages as well as injunctive relief. The parties bring cross-motions for summary judgment on the issue of liability.

## I. Facts

In 1972, plaintiff pleaded guilty to contributing to the delinquency of a minor, Cal.Penal Code § 272. The charge did *not* include "lewd and lascivious conduct". If it had, plaintiff would have been required to register as a sex offender under § 290.[1]

In January 1982, Mr. Jerome Turay, a personnel officer with the SFUSD, wrote to Defendant Hesselroth, an inspector for SFPD, asking him to find out whether plaintiff, an employment applicant with SFUSD, had been convicted of any sex offenses and whether plaintiff was required to register under § 290. Defendant Hesselroth telephoned Mr. John Brodie, a criminal identification specialist at the California Department of Justice, Sex and Narcotics Registration Unit (Sex and Narcotics Unit), inquiring as to whether plaintiff was required to register. The Sex and Narcotics Unit is a statewide clearinghouse for this type of information. It provides registration information to local law enforcement agencies throughout the state.

Brodie told Hesselroth that because of plaintiff's 1972 conviction under § 272, registration was required. Whether Brodie also advised Hesselroth to verify that information independently is not clear from the record. Hesselroth did not make any other inquiry. Instead, he caused to be entered into the SFPD's computer a notation stating that plaintiff was required to register under § 290.

Hesselroth also informed Turay at the SFUSD of plaintiff's registration requirement. Later in January 1982, plaintiff received a letter from SFUSD informing him that two convictions on his record—a 1961

commitment to Atascadero State Hospital, based upon a finding of insanity related to charges under Penal Code § 288 (lewd or lascivious acts upon the body of a child under 14) and § 288a (oral copulation), and his 1972 plea to the § 272 violation—barred plaintiff from employment. The letter also informed plaintiff that according to Inspector Hesselroth's inquiry to John Brodie, plaintiff's § 272 conviction required him to register as a sex offender.

In February 1982, Hesselroth went to plaintiff's residence and informed him that he was required to register and would be arrested if he did not. Plaintiff refused to sign the proffered notification form and protested that under the terms of the 1972 judgment, he was not required to register. He gave Hesselroth the name and number of that case. Hesselroth left after advising plaintiff to hire an attorney if he disputed his registration requirement.

In April 1982, plaintiff was a passenger in a van which was pulled over by the police for reasons that remain unclear. An officer checked plaintiff's identification with SFPD records, and based upon those records, arrested plaintiff as an unregistered sex offender. Plaintiff was detained for eight or nine hours and booked for failure to register. He continued to protest that he was not required to register.

Plaintiff was prosecuted for this offense, which was finally dismissed by the district attorney in June 1982, when plaintiff's public defender obtained court records showing that the 1972 judgment did not require registration.

Plaintiff sues under 42 U.S.C. § 1983, claiming constitutional deprivations resulting from both his arrest and the dissemination of incorrect information to SFUSD, which plaintiff claims deprived him of an employment opportunity. Plaintiff alleges that these constitutional deprivations were caused by defendant Hesselroth's unreasonable failure to verify the information he caused to be entered into SFPD's computer

---

1. That section requires registration of any person convicted within California of, *inter alia,* "assault with intent to commit rape or the infamous crime against nature", or "any offense involving lewd and lascivious conduct under Section 272 ..."

system, and by the City's failure adequately to train its employee Hesselroth.

In addressing the parties' cross-motions for summary judgment, the Court must first determine whether any constitutional deprivations occurred, and if so, whether any defendants are liable.

## II. Concerning Constitutional Deprivations

42 U.S.C. § 1983 provides that

Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

There is no question that defendants' actions were under color of state law.

■■■■ Plaintiff was arrested without a warrant and without probable cause, in violation of plaintiff's Fourth Amendment right to be free from unreasonable seizure. Inaccurate information cannot serve as a basis for probable cause. *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Therefore, plaintiff's arrest is a constitutional deprivation remediable through § 1983. *Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir.1984).

■■■■ As to the incorrect information supplied by defendant Hesselroth to SFUSD, plaintiff claims that such action deprived him of his liberty interest without due process of law, in violation of the Fourteenth Amendment. Plaintiff's liberty interest is implicated only if there is some stigmatizing public disclosure of the inaccurate charge, and it is made in connection with termination of employment or the alteration of some right or status recognized by state law. *Vanelli v. Reynolds School District No. 7*, 667 F.2d 773, 778 (9th Cir. 1982) (Kennedy, J.). Damage to reputation alone, "apart from some more tangible interests, such as employment," does not implicate liberty or property interests protected by the Fourteenth Amendment. *Paul v.*

*Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Even assuming that a *prospect* of employment is a "tangible interest", which might satisfy the threshold requirement of *Paul, supra,* there was no stigmatizing public disclosure sufficient to implicate the Fourteenth Amendment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (even if reasons given for discharge of police officer were false, no liberty interest implicated absent stigmatizing publication of reasons for discharge); *Lee v. Western Reserve Psychiatric Habilitation Center,* 747 F.2d 1062, 1069 (6th Cir.1984) (no deprivation of a liberty interest when there was no publication of the reasons for plaintiff's discharge such that other employment opportunities were foreclosed). As there was no constitutional deprivation, defendants cannot be found liable under § 1983 for having forwarded the inaccurate information.

## III. Concerning Defendants' Liability

Having found that plaintiff's arrest amounts to a constitutional deprivation under § 1983, the Court turns to the question of defendants' liability for the deprivation.

■■■■ Defendant Hesselroth, as a law enforcement officer, enjoys qualified immunity from personal liability. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Whether that immunity shields him from liability in this case is basically a question of reasonableness. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.,* 107 S.Ct. at 3038 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)) (citations omitted). Genuine factual issues remain which relate to the question of defendant Hesselroth's reasonableness. Therefore, summary judgment as to his liability is not appropriate.

■■■■ As to the City's liability, if the action which causes the constitutional dep-

rivation is pursuant to an official policy or custom, the municipality may be liable. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A policy of inadequate training is an actionable policy or custom under § 1983. *Bergquist v. County of Cochise*, 806 F.2d 1364, 1370 (9th Cir.1986). The City has no policy or practice of training police officers as to verification of information received from the Sex and Narcotics Unit. The parties agree that the City is liable only if such failure to train amounts to gross negligence. *Id.*

■ Plaintiff has failed to show gross negligence on the part of the City. Aside from plaintiff's particular case, there is no evidence that the City ever had any similar problems caused by inaccurate information from the Sex and Narcotics Unit. "[M]unicipal liability may not be rested simply upon a failure to adopt policies that in retrospect can be seen to be a means by which particular unconstitutional conduct of its employees might have been averted." *Milligan v. City of Newport News*, 743 F.2d 227 (4th Cir.1984). Summary judgment for the City is appropriate.

### IV. Conclusion

As to the City's liability for any constitutional deprivation to plaintiff, summary judgment for defendants is appropriate. In addition, since the forwarding of the inaccurate information to the SFUSD is not a constitutional deprivation, summary judgment for defendants on that claim is also appropriate. Summary judgment for plaintiff is granted only to the extent that the Court finds that his arrest amounts to a constitutional deprivation. The only liability issue remaining, then, is defendant Hesselroth's liability for plaintiff's arrest.

Accordingly,

IT IS HEREBY ORDERED that as to liability of the City and County of San Francisco, and as to remaining defendants' liability for the forwarding of inaccurate information to SFUSD, defendants' motion for summary judgment is GRANTED.

IT IS HEREBY ORDERED that as to the question whether plaintiff's arrest amounts to a constitutional deprivation, plaintiff's motion for summary judgment is GRANTED as to defendant Hesselroth, leaving open the question whether his qualified immunity precludes liability for the deprivation.

IT IS HEREBY ORDERED that in all other respects, the parties' cross-motions for summary judgment are DENIED.

### MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

Plaintiff sues under 42 U.S.C. § 1983, claiming constitutional deprivations resulting from his false arrest and the dissemination of incorrect information to the San Francisco Unified School District (SFUSD), which purportedly deprived him of an employment opportunity. Plaintiff alleges that these constitutional deprivations were caused by defendant Hesselroth's unreasonable failure to verify information he caused to be entered into the San Francisco Police Department's (SFPD) computer system, and by the City and County of San Francisco's failure adequately to train its employee Hesselroth. Plaintiff seeks damages as well as injunctive relief.

In the Memorandum And Order Granting In Part, Denying In Part, Cross-Motions For Summary Judgment of June 30, 1988, the Court granted partial summary judgment in favor of plaintiff, ruling his arrest, without a warrant and without probable cause, violated his Fourth Amendment rights. The Court, however, also decided that as to incorrect information supplied by defendant Hesselroth to the SFUSD, there was no deprivation of plaintiff's constitutional rights.

Regarding the liability of defendant Hesselroth, the Court decided that genuine factual issues remain, concerning the reasonableness of his conduct, which relate to his defense of qualified immunity as a law enforcement officer. Regarding the liability of defendant City and County of San Francisco, the Court entered summary judgment in its favor because the lack of a policy or practice of training police officers

as to verification of information received from the California Department of Justice, Sex and Narcotics Registration Unit, was not grossly negligent.

Plaintiff and defendant Hesselroth now move for reconsideration of the Court's Memorandum and Order of June 30, 1988, denying in part and granting in part the parties' cross-motions for summary judgment. Plaintiff requests reconsideration of the Court's decision denying plaintiff's motion for summary judgment on the issue of defendant Hesselroth's qualified immunity. Defendant Hesselroth moves the Court to reconsider both the denial of his motion for summary judgment on the issue of his qualified immunity, and the ruling that plaintiff's arrest violated plaintiff's constitutional rights.

### I.

There is no dispute that defendant Hesselroth's actions were under color of state law. *See* 42 U.S.C. § 1983. Defendant Hesselroth contends, however, that the arrest of plaintiff based on inaccurate information did not, as a matter of law, violate plaintiff's Fourth Amendment rights. Defendant Hesselroth cites *Howard v. Regional Transit Authority,* 667 F.Supp. 540 (N.D.Ohio 1987), which states

"if a law enforcement officer acts reasonably and consistent with the information obtained from the computer system, then a person who is mistakenly arrested because of such information cannot maintain a cause of action under § 1983."

*Id.* at 546 (citing *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

In *Howard,* defendant patrolmen, in the field, called in the license number of the plaintiff to run a check for any outstanding warrants. *Id.* at 547. Subsequently, a police dispatcher informed them that there was an active felony warrant which bore the plaintiff's name, and provided the defendants with the social security number, birth date and address of "Gerald Howard." After receiving confirmation from the dispatcher that the information was accurate, the defendant policemen ap-

proached the plaintiff, requested identification, and arrested the plaintiff only after he admitted to being "Gerald Howard." The court in *Howard* held based on these facts, that the defendant patrolmen acted reasonably, consistent with the information that had been supplied to them by the dispatcher, and had probable cause to arrest the plaintiff. *Id.*

*Howard,* however, is inapposite to the facts in the instant action. In contrast to the patrolmen in *Howard* who made a relatively spontaneous arrest based on immediately available information from the computer and the dispatcher, defendant Hesselroth, here, was not confronted with any urgency when he caused to be entered into the SFPD's computer a notation stating that plaintiff had failed to register as a sex offender as required by Cal.Penal Code § 290. The police have a duty to exercise diligence and take reasonable steps to assure the accuracy of their records to avoid the unlawful detention of citizens. *See e.g., Testa v. Winquist,* 451 F.Supp. 388, 394–95 (1978); *Tarlton v. Saxbe,* 507 F.2d 1116, 1126–1131 (D.C.Cir.1974). Defendant Hesselroth had ample time to verify the accuracy of the information he had received from the state Sex and Narcotics Registration Unit before entering it into the SFPD's computer.

The Court thus reaffirms its Memorandum and Order of June 30, 1988, which determined that plaintiff was arrested without a warrant and without probable cause, in violation of his Fourth Amendment right to be free from unreasonable seizure. Inaccurate information (such as the information defendant Hesselroth caused to be entered into the SFPD's computer) cannot serve as the basis for probable cause. *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *see also People v. Ramirez,* 34 Cal.3d 541, 545, 194 Cal.Rptr. 454, 668 P.2d 761 (1983). Therefore, plaintiff's arrest is a constitutional deprivation remediable through 42 U.S.C. § 1983. *See Garris v. Rowland,* 678 F.2d 1264, 1271 (1982), *cert. denied,* 459 U.S. 864, 103 S.Ct. 143, 74 L.Ed.2d 121 (1982); *Smith v. City of Oklahoma City,*

696 F.2d 784, 787 (1983); *see also Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985).

## II.

Both parties urge that the question of qualified immunity is generally an issue of law for the court to decide. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987); *Llaguno v. Mingey*, 763 F.2d 1560, 1569 (1985), *cert. dismissed*, 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986). The Court, however, regarding defendant Hesselroth's defense of qualified immunity, reaffirms its June 30, 1988, determination that "genuine factual issues remain which relate to the question of defendant Hesselroth's reasonableness." See page 1152.

As stated in the Memorandum and Order of June 30, 1988, *Anderson* instructs that whether a law enforcement officer is entitled to qualified immunity from personal liability is basically a question of reasonableness:

> " 'Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action ... assessed in light of the legal rules that were "clearly established' at the time it was taken." *Anderson*, 107 S.Ct. at 3038 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 [102 S.Ct. 2727, 73 L.Ed.2d 396] (1982)) (citations omitted)."

See page 1152.

On the phrase "clearly established", the *Anderson* court explained: "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* 107 S.Ct. at 3039.

From the record, it cannot be determined, as a matter of law, whether or not defendant Hesselroth's conduct was reasonable when, relying on information from the Sex and Narcotics Registration Unit without first verifying it, he caused to be entered into the SFPD's computer a notation stating that plaintiff had failed to register as a sex offender as required by § 290.

Plaintiff argues that when defendant Hesselroth went to plaintiff's residence and informed him that he was required to register under § 290, he gave defendant Hesselroth the name and number of the case demonstrating that plaintiff was not required to register. Plaintiff claims that independent verification of that fact would have been easy for defendant Hesselroth to accomplish.[1]

Plaintiff also claims that defendant Hesselroth should have reasonably known, based on admonishments from John Brodie of the Sex and Narcotics Registration Unit, that verification of information received from the Unit was required. Plaintiff asserts that defendant Hesselroth admits he had spoken on the phone at least 45 times with Brodie before making an inquiry about plaintiff's record. Further, Brodie testified in deposition that he usually cautions callers to verify the information he provides.[2] Thus, argues plaintiff, the inference must be that defendant Hesselroth has been admonished by Brodie, at least during one of their numerous previous calls, to verify information from the Unit.

Defendant Hesselroth, on the other hand, claims that he had never been informed by Brodie or anyone else that information obtained from the Sex and Narcotics Registration Unit was inaccurate. Thus, he claims his reliance on this information was reasonable, and verification of the information was generally unnecessary and impractical.

---

**1.** Plaintiff claims that objective verification was available to defendant Hesselroth—he need only have visited the Superior Court Clerk's office located in the same building as defendant Hesselroth's office and asked to look at the record of plaintiff's 1972 conviction. Court files are public records subject to public inspection. Cal. Gov't Code § 6250, *et seq.*

**2.** *See* Fed.Rule of Evidence 406 (evidence of habit or routine practice may establish conduct in conformity with such habit or practice on particular occasion).

**1156**

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Neither party has met this burden in their cross-motions for summary judgment or in their motions for reconsideration. The evidence is not conclusive, and genuine factual issues remain relating to defendant Hesselroth's reasonableness.

Accordingly,

IT IS HEREBY ORDERED that:

(1) the Court reaffirms its Memorandum and Order of June 30, 1988;

(2) plaintiff's motion for reconsideration is DENIED; and

(3) defendants' motion for reconsideration is DENIED.