GEORGE W. DRAPER III, JUDGE,
dissenting
I respectfully dissent because I believe the validity of ordinance 4536 remains unsettled by the principal opinion’s failure to address dispositive issues raised by Bonnie A. Roeder (hereinafter, “Roeder”). Specifically, the question of whether the ordinance is civil or criminal in nature and what effect that analysis has on the rebut-table presumption that arises when the ordinance is applied are crucial to resolve, despite the principal opinion’s finding to the contrary. Although the principal opinion holds it need not address these issues because it affirms the circuit court’s dismissal of Roeder’s conviction on other grounds, this Court’s disposition essentially upholds the ordinance’s validity after severing the conflicting language regarding point assessment. I believe this Court should address Roeder’s contentions, *552 which would invalidate the ordinance. Accordingly, I would affirm the circuit court’s judgment dismissing the city’s prosecution of Roeder on other grounds and hold ordinance 4586 void.
In her motion to dismiss, Roeder claimed the ordinance contained a rebutta-ble presumption that the owner committed the violation, and this presumption imper-missibly shifted the burden of proof away from the city. Roeder argues the presumption relieves the city of its burden of proving each element of the offense, particularly, the identity of the operator. Roeder claims this creates an affirmative burden on an owner to rebut the presumption and demonstrate his or her innocence by implicating another individual as the guilty operator. The city argues ordinance 4586 is not a strict liability ordinance that creates a rebuttable presumption by its express language. Rather, the city maintains ordinance 4536 requires the city to prove beyond a reasonable doubt that the person charged with violating the ordinance did indeed commit the violation. Further, the city contends only the vehicle’s operator can be found guilty of violating the ordinance.
When compared with the language in the other traffic ordinances reviewed by this Court in City of Moline Acres v. Charles W. Brennan, — S.W.3d -, 2015 WL 4930167 (No. SC94085) (Mo. banc 2015) (a speed camera ordinance that provides, “A violation hereunder is based on ownership, without regard to whether the Owner was operating the motor vehicle at- the time of the infraction ....”) and Sarah Tupper, et al. v. City of St. Louis, et al., 468 S.W.3d 360, 2015 WL 4930313 (No. SC94212) (Mo. banc 2015) (a red light camera ordinance that provides, “A rebut-table presumption exists that such Owner of a motor vehicle operated or used in violation of [the ordinance] ... was the operator of the vehicle at the time and place the violation was captured .... ”), the city is correct. However, ordinance 4536, as applied, creates an implied rebut-table presumption that belies the city’s characterization.
Ordinance 4536 directs the police officer reviewing the recorded image to “use any lawful means to identify the vehicle’s owner.” Further, the “summons shall be served on the owner ...” Only if the vehicle is registered to more than one person, then the summons shall be issued to the registrant who was “most likely depicted in the recorded image.” (Emphasis added to all).
The notice of violation further demonstrates an implied rebuttable presumption exists. The notice informs the owner, “a vehicle registered in your name ... appears to have run a red light.” The notice also states, “Please note that recorded images constitute evidence of a violation of [ordinance 4536.]” The notice also makes clear, “As the registered owner of the vehicle described in this Notice, you are responsible for paying this fine or appearing in Court.... ” On the instruction page, the city reiterates that a vehicle registered to the owner who received the notice was photographed violating the ordinance. Moreover, the notice provides, “As the registered owner or identified driver of the vehicle ... we have no choice but to hold you responsible for paying this fine.... Of course, if you were not the driver at the time of the violation, you may appear in Court to identify another driver.” Finally, the instructions state, “It is sufficient evidence [under the ordinance], that the person registered as the owner of the vehicle was operating the vehicle at the time of the violation. ” (Emphasis added to all).
Roeder concedes the city’s notice of violation and corresponding instructions do not track the language of ordinance 4536 *553 regarding any rebuttable presumption. However, it is clear that, as applied, the city employs a rebuttable presumption that the registered owner committed the violation unless the vehicle happens to be registered to more than one person. Otherwise, the registered owner is compelled to put forth evidence that the vehicle has been sold or stolen, or the owner must appear in court to identify another driver. I believe this rebuttable presumption is impermissible.
Law enforcement’s use of technology to enforce traffic laws is not a new concept. Police began employing the “time-distance method” of speed measurement in 1902, by concealing themselves at particular distances and using stop watches to measure the time at which the motorist passed each concealed officer. This information was then telephoned to a third officer positioned further up the road, who could stop the speeding motorist. See Joel 0. Christensen, Wrong on Red: The Constitutional Case Against RedLight Cameras, 32 Wash. U. J.L. & Pol’y 443, 451-52 (2010). Speedometers were commonplace by 1917, and nascent radar technology was employed in the 1940s. Id. at 452. In 1959, Missouri courts recognized that “a radar speedmeter is a device which, within a reasonable engineering tolerance, and when properly functioning and properly operated, accurately measures speed in terms of miles per hour.” State v. Graham, 322 S.W.2d 188, 195 (Mo. App. Spring. Dist. 1959). Red light cameras were introduced in Europe in the 1960s and 1970s and were imported to the United States in 1994 when New York City ■launched its red light camera program. Wrong on Red, 32 Wash. U. J.L. & Pol’y 443 at 454. Today, nearly .half of all states use some form of automated traffic enforcement, which includes red light cameras, speed cameras, and speed cameras statewide in work zones. See Communities Using Red Light and or Speed Cameras, Ins. Inst, for Highway Safety, http:// www.iihs.org/iihs/topics/laws/printablelist? print-view (last visited August 12, 2015).
As law enforcement’s detection technology evolves, so too should this Court’s jurisprudence analyzing these advancements. Even in the context of a civil ordinance, I believe the rebuttable presumption analysis in City of St. Louis v. Cook, 359 Mo. 270, 221 S.W.2d 468 (1949) should be confined to the facts under which Cook was decided and not be extended to the automated traffic enforcement mechanisms employed today. In Cook, this Court construed a parking ordinance that provided it shall be “prima facie evidence” that the person who is registered as the owner committed or authorized the parking violation. This Court held the ordinance did not change the burden of proof the city must carry in making its case. There is a “difference between the burden of proof which does not shift and the burden of evidence, which may shift to the defendant to produce, if he [or she] desires, evidence which, if believed, will meet a plaintiffs prima facie case.” Cook, 221 S.W.2d at 469. This Court explained:
From a practical standpoint it would be impossible for the police department of the City of St. Louis to keep a watch over all parked vehicles to ascertain who in fact operates them. In such a situation and in view of the purpose of City’s traffic regulations, the City having shown the vehicle to have been parked in violation of the regulatory ordinance and having shown a defendant to be the person in whose name the vehicle is registered, it would seem an owner-registrant, a defendant, could not be said to be put to too great an inconvenience or to an unreasonable hardship in making an explanation if he desires. The connection between the registered owner of *554 an automobile and its operation is a natural one. While there are no doubt instances where an owner’s automobile is used without his authorization, yet it is not generally so. If, in fact, defendant’s vehicle was parked at the time without any authorization from defendant, such fact was peculiarly within defendant’s knowledge and, if defendant had desired, the fact could have been easily proved with such certainty as to almost entirely preclude a false conviction. In our opinion the inference authorized by the Ordinance No. 41240 is a reasonable one. The ordinance does not make any inferred fact conclusive. And the ordinance does not require that a defendant testify; nor does it deny him his right to make out his defense, or to testify.
Id. at 470-71.
Several lower court decisions have questioned Cook’s application to red light camera ordinances that contain a rebuttable presumption. In Unverferth v. City of Florissant, 419 S.W.3d 76 (Mo. App. E.D. 2013), the majority opinion applied Cook and upheld the city’s use of the rebuttable presumption that the owner of the vehicle was the operator at the time the violation occurred. Unverferth, 419 S.W.3d at 99-100. However, the majority acknowledged, “While such a presumption does have a rational connection with! the fact inferred, applying this presumption in 2013 is vastly different and significantly less compelling than in 1949 when Cook was decided.” Id. at 109, n. 7. The majority noted that Cook did not limit its holding to its facts, and therefore, the court was constrained by Cook’s rationale until this Court reconsidered the issue. Id. Further, the dissenting opinion in Unverferth maintained that, while Cook’s presumption was reasonable at the time it was decided, its holding should be confined to parking violations. Id. at 109 (Mooney, J., dissenting).
In Damon v. City of Kansas City, 419 S.W.3d 162 (Mo.App.W.D.2013), the red light camera ordinance contained a rebut-table presumption that the owner of the vehicle captured by the camera was also the operator. The court held the challeng: ers were entitled to develop further facts about whether the ordinance was civil or criminal in nature. Damon, 419 S.W.3d at 189. If the ordinance were criminal, then the rebuttable presumption contained in the ordinance would be unconstitutional because it would presume a fact that is an element of the offense, which runs afoul the presumption of innocence. Id. at 190-91. The court specifically rejected the city’s “blanket argument that the rebutta-ble presumption merely shifts the burden of evidence, not the burden of proof,” as held in Cook. Id. at 189-90. The court also questioned Cook ⅛ validity, finding the rationale “outdated” in light of the “substantial transportation developments over the past sixty-four years” and that it involved parking, rather than moving, violations. Id. at 191, n. 21.
In Brunner v. City of Arnold, 427 S.W.3d 201 (Mo. App. E.D. 2013), the red light camera ordinance expressly prohibited photographing the operator committing the violation; instead, the ordinance contained a rebuttable presumption that the owner of the vehicle was the operator at the time and place the violation occurred. The notice of violation allowed the owner to transfer liability to the individual responsible for driving the vehicle at the time of the offense by completing an affi-. davit of non-responsibility, wherein the owner had to provide the name and address of the operator. Brunner, 427 S.W.3d at 206-07. The Brunner court elected not to extend Coo/c’srebuttable presumption analysis beyond the prosecution *555 of parking violations. Id. at 231. Further, the court found the red light camera ordinance was criminal in nature, rendering it unconstitutional in light of the impermissible rebuttable presumption. Id. at 232-33.
Finally, I believe this Court’s analysis in Tupper, holding that the City of St. Louis’ red light camera ordinance was constitutionally invalid because it created a rebut-table presumption that shifted the burden of persuasion onto the defendant to prove that he or she was not operating the vehicle at the time of the violation, should apply to invalidate ordinance 4536. See Tupper, 468 S.W.3d at 370-73 (Op. at pages 14-18). Even though ordinance 4536 does not contain an explicit rebutta-ble presumption like Tupper, ordinance 4536 operates just as the one in Tupper. In Tupper, the ordinance presumed the owner of the motor vehicle operated in violation of the ordinance was the operator of the vehicle at the time and place the violation was captured by the red light camera. The ordinance further provided the owner could offer a statement by affidavit or under oath at the municipal court proceeding that he or she was not the operator at the time the violation was captured. However, the city court or city counselor had to make a determination that the owner’s offer of proof constituted “satisfactory evidence” prior to terminating the owner’s prosecution, and if appropriate, the city could issue a citation to the individual clearly identified in the evidence as the operator of the motor vehicle at the time of the violation.
Likewise, ordinance 4536 as applied presumes the owner of the vehicle was the operator at the time of the offense. Ordinance 4536, as applied through its notice provision, states the city has no choice but to hold the registered owner responsible for paying the fine, unless the owner wishes to appear in court to identify another driver. Finally, the instructions state, “It is sufficient evidence [under the ordinance], that the person registered as the owner of the vehicle was operating the vehicle at the time of the violation.” (Emphasis added). Just like Tupper, this scheme effectively “shifts the burden of persuasion, requiring the owner to prove to the fact-finder ... that he or she was not operating the vehicle at the time of the violation.” Tupper, 468 S.W.3d at 373 (Op. at page 18). Tupper held this presumption was unconstitutional because “it relieves the prosecution from proving an element of the violation charged beyond a reasonable doubt and was impermissible under Sandstrom v. Montana, 442 U.S. 510, 517-18, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Id.
I find the reasoning and analysis of these cases persuasive. In all three automated traffic enforcement cases decided today, each municipality sought to reap the monetary benefits of employing this advanced technology while holding on to the antiquated rebuttable presumption analysis from a 1949 parking ordinance challenge. Today’s transportation landscape varies dramatically from the one contemplated in Cook, in which the connection between the vehicle’s registered owner and its operation was a natural one, especially in instances in which “the head of a household titled the vehicle in his own name and drove the car most frequently.” Unverferth, 419 S.W.3d at 109 (Mooney, J., dissenting).
It has been aptly noted that with respect to red light camera ordinances, they “explicitly presume that ownership of a vehicle is conflatable with driving the vehicle at a given time. Though rebuttable in name, this presumption is conclusive in practice.” Wrong on Red, 32 Wash. U. J.L. & Pol’y at 463. This presumption *556 forces vehicle owners to “reconstruct history and disprove the preordained conclusion that they are guilty of the cited offense.” Id. As pointed out in Unverferth, Damon, and Brunner, multiple driver and vehicle households are commonplace, joint titling of vehicles is frequent, and one can posit several situations wherein the registered owner and the operator of the vehicle may not be the same person at any given time. Thus, the rebuttable presumption contained in the automated traffic enforcement ordinances is distinguishable from the one contemplated in Cook because unlike in Cook, these ordinances do make the inferred fact conclusive, and in order to avoid liability, the owner must submit evidence to prove otherwise. Accordingly, I would confine Cook’s application to parking violations and find the rebuttable presumption in the instant case impermissible, rendering ordinance 4586 invalid. I would affirm the circuit court’s judgment dismissing the city’s prosecution of Roeder.